# SPECIALE, *Appellant,*
### *v.*
# TEKTRONIX, INC., *Respondent.*
## (No. 37-543, CA 10280)

590 P2d 734

H. Kenneth Zenger, Hillsboro, argued the cause for appellant. On the briefs was Huffman and Zenger, Hillsboro.

E. Joseph Dean, Portland, argued the cause for respondent. With him on the brief was Davies, Biggs, Strayer, Stoel and Boley, Portland.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

LEE, J.

**LEE, J.**

Plaintiff, Ross Speciale, brought this action to recover damages resulting from his discharge from the employ of defendant, Tektronix. Defendant demurred to plaintiff's second amended complaint on the ground that it failed to state facts sufficient to constitute a cause of action, ORS 16.260(6).[1] Plaintiff contends that the trial court erred in sustaining defendant's demurrer, and in denying plaintiff an opportunity to plead over.

Defendant employed plaintiff as a senior scientist on November 5, 1970. After approximately six years, defendant terminated plaintiff's employment and plaintiff instituted this action for breach of his employment contract.

The first issue is whether the trial court erred in sustaining defendant's demurrer to plaintiff's complaint for failure to state a cause of action.

A demurrer for failure to state a cause of action tests the legal sufficiency of the cause of action pleaded. *Gray v. Hammond Lumber Co. Et Al.,* 113 Or 570, 578, 232 P 637, 233 P 561, 234 P 261 (1925). In general, therefore, a pleading which is challenged by a timely demurrer is construed most strongly against the pleader. *See Musgrave et ux. v. Lucas et ux.,* 193 Or 401, 408, 238 P2d 780 (1951).

Plaintiff contends that the complaint is sufficient to state a cause of action for breach of an employment contract because it alleges that certain personnel policies were part of plaintiff's contract of employment, and that plaintiff had been damaged because his

_____

[1] ORS 16.260(6) provides:

"The defendant may demur to the complaint within the time required by law to appear and answer, when it appears upon the face theereof:

"* * * * *

"(6) That the complaint does not state facts sufficient to constitute a cause of action * * *."

termination was not in compliance with those policies. If plaintiff had actually alleged a breach of his employment contract as described above, the complaint would probably have survived a demurrer; however, the complaint is not that explicit.

In his complaint, plaintiff's sole reference to defendant's personnel policies is a statement that defendant "had promulgated certain personnel policies * * * which were in effect [when plaintiff was terminated]." There is no allegation that the policies were terms of the contract between plaintiff and defendant or that plaintiff was even aware of the policies prior to his termination. An employee is only entitled, as a matter of contract, to compliance with those policies which an employer has made known to him or promised to him. *See Sabin v. Willamette-Western Corp.,* 276 Or 1083, 1089, 557 P2d 1344 (1976). We, therefore, hold that the demurrer was properly sustained.

■■ The second issue is whether the trial court abused its discretion in denying plaintiff an opportunity to plead over. In order to assess the trial court's exercise of discretion, we must examine the procedural moves prior to the trial court's judgment for defendant.

Initially, plaintiff filed a complaint which stated in pertinent part:

> "That the Defendant had promulgated certain personnel policies and rules and regulations regarding the termination of the employment of employees."

When the trial court granted defendant's motion to make this allegation more definite and certain,[2] plaintiff filed an amended complaint which stated in pertinent part:

> "That the Defendant had promulgated certain personnel policies and procedures regarding the termination of employment of employees which were in effect on

---

[2]Defendant moved to make plaintiff's allegation more definite and certain "by alleging specifically the 'personnel policies and rules and regulations' plaintiff is referring to" on the ground that the allegation was so indefinite and uncertain that the nature of plaintiff's claim with respect to that allegation was unknown.

May 23, 1976. A copy of said policies and procedures attached hereto as Exhibit 'A' are incorporated herein."

Defendant moved to strike the allegation pertaining to personnel policies on the ground, *inter alia,* that no facts were alleged to show that the policies became terms of plaintiff's contract of employment with defendant. This motion was denied.

For reasons irrelevant to this appeal, plaintiff filed a second amended complaint which retained the personnel policies allegation and defendant's further motion to strike was denied. Defendant then demurred to plaintiff's second amended complaint on the basis that it failed to state facts sufficient to constitute a cause of action. In support of the demurrer, defendant relied upon the memorandum of law previously submitted in support of defendant's motion against the second amended complaint which stated that the policies referred to in the complaint were only a unilateral expression of company policy and that plaintiff had failed to allege that he even knew of the policy prior to his discharge.

The trial court sustained the demurrer, stating:

"There is no statutory basis [for the complaint], and I believe that * * * on the contractual basis the plaintiff cannot prevail * * *."

The trial court denied plaintiff leave to replead and entered a judgment dismissing the complaint.

An application for leave to plead over is addressed to the discretion of the trial court, ORS 16.380.[3] It should be remembered, however, that judicial discretion is always to be exercised in furtherance of justice. *Powell v. D.S. & G. R. R. Co.,* 14 Or 22, 23, 12 P 83

---

[3] ORS 16.380 provides:

"After a decision upon a demurrer, if it is overruled, and it appears that the demurrer was interposed in good faith, the court may in its discretion allow the party to plead over upon such terms as may be proper. If the demurrer is sustained, the court may in its discretion allow the party to amend the pleading demurred to, upon such terms as may be proper."

(1886); *Duddles v. City Council of West Linn,* 21 Or App 310, 315, 535 P2d 583 *rev den* (1975).

As discussed above, the deficient allegation in the instant case was that defendant had promulgated certain personnel policies. When defendant moved to make that allegation more definite and certain, plaintiff amended it to incorporate certain personnel policies which were in effect when plaintiff's employment was terminated. After that amendment, the trial court denied defendant's motions to strike the allegation. Therefore, prior to the order sustaining defendant's demurrer, plaintiff was given no reason to believe that the amended allegation was insufficient. We do not perceive that justice was furthered by refusing leave to plead over at that stage. The trial court abused its discretion in refusing to allow at least one opportunity to plead over after the complaint was held insufficient to state a cause of action.

Reversed and remanded.