Argued and submitted February 5, reversed in part; otherwise affirmed June 2, reconsideration denied November 10, petition for review pending 1993

Bradley F. BERNARD,
*Appellant,*

*v.*

GARY J. LEKAS, P.C.,
an Oregon Professional corporation,
Gary J. Lekas,
*Respondents,*

*and*

Douglas R. GORDON,
*Defendant.*

(9104-02315; CA A72344)

853 P2d 322

Jeffrey A. Bowersox, Portland, argued the cause for appellant. With him on the briefs was Ekman & Bowersox, Portland.

Michael C. Lewton, Portland, argued the cause for respondents. With him on the brief were Thomas W. Brown and Cosgrave, Vergeer & Kester, Portland.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

## LEESON, J.

Plaintiff filed an action against Gary J. Lekas, P.C., a domestic professional corporation, for slander of title. We refer to that case as *Bernard I*. Several months later, plaintiff moved to dismiss that action without prejudice. The court allowed the motion. The professional corporation appealed to this court on the ground that the action should have been dismissed with prejudice. That appeal is still pending.

On the same day that plaintiff filed his motion to dismiss *Bernard I*, he filed a new civil action against Gary J. Lekas, P.C., and two individuals, Gary J. Lekas and Douglas Gordon, for various tort and contract claims. We refer to that case as *Bernard II*. Defendants professional corporation and Lekas filed a motion under ORCP 21A(3) to dismiss plaintiff's action in *Bernard II* as to them. ORCP 21A(3) provides that a party may move to dismiss on the ground that "there is another action pending between the same parties for the same cause." The court granted the motion and entered a judgment dismissing plaintiff's action against those defendants without prejudice. Plaintiff then filed this appeal.

■ Plaintiff assigns error to the court's order. He argues that defendant Lekas, the individual, is not the same party as defendant professional corporation. We agree. In general, the law treats a corporation as a distinct legal entity. *Ehrman v. Galloway*, 160 Or 418, 424, 86 P2d 445 (1939). The same principle applies to a professional corporation. The court erred by allowing defendant Lekas' motion to dismiss, because he is not a party to *Bernard I*. As to him, *Bernard I* and *Bernard II* are not actions between the same parties. However, as to defendant professional corporation, *Bernard I* and *Bernard II are* actions between the same parties.

■ Plaintiff argues that when the court ruled on the motion to dismiss in *Bernard II*, *Bernard I* was not a pending action, because it was on appeal. He is wrong. "A case in which the merits remain in dispute at some judicial level is necessarily pending." *Beetham v. Georgia-Pacific*, 87 Or App 592, 595, 743 P2d 755 (1987). Plaintiff makes no argument that *Bernard I* and *Bernard II* fail to satisfy the same cause requirement in ORCP 21A(3). *See Holmes v. Anthony*, 56 Or App 666, 643 P2d 372, *rev den* 293 Or 235 (1982).

■ The court properly dismissed plaintiff's action against defendant professional corporation under ORCP 21A(3). However, the court erred by dismissing the plaintiff's action against defendant Lekas, because he is not a party in *Bernard I*.

Dismissal of claim against defendant Lekas reversed; otherwise affirmed.