Argued and submitted July 23, affirmed on appeal and reversed on cross-appeal
November 3, 1993

Bradley S. BERNARD,
*Respondent - Cross-Appellant,*

*v.*

GARY J. LEKAS, P.C.,
an Oregon professional corporation,
*Appellant - Cross-Respondent.*

GARY J. LEKAS, P.C.,
an Oregon professional corporation,
*Cross-Claimant,*

*v.*

Mark A. GORDON
and James G. Rice,
*Cross-Claim Defendants.*

(9007-04538; CA A69933)

862 P2d 564

John S. Marandas argued the cause and filed the briefs for appellant - cross-respondent.

Jeffrey A. Bowersox argued the cause for respondent - cross-appellant. With him on the brief was Ekman & Bowersox.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Defendant professional corporation appeals from an order granting plaintiff's motion to voluntarily dismiss his own complaint without prejudice. ORCP 54A(2). Plaintiff cross-appeals, assigning error to the award of attorney fees to defendant.[1] We affirm on the appeal, and reverse on the cross-appeal.

The parties' underlying disputes are described adequately in *Bernard v. Gary J. Lekas, P.C.*, 120 Or App 607, 609, 853 P2d 322 (1993), which was an appeal from the second lawsuit plaintiff filed against defendant. This is an appeal from the first lawsuit plaintiff filed against defendant.

Before trial, plaintiff moved to voluntarily dismiss his case without prejudice. ORCP 54A(2). The trial court granted the motion over defendant's objection. On appeal, defendant argues that the dismissal was proper, but that the trial court should have dismissed with prejudice.

■ The decision to dismiss a case with or without prejudice is within the discretion of the trial judge, and we review only for manifest abuse of that discretion. *See Dean v. Guard Publishing Co.*, 73 Or App 656, 660, 699 P2d 1158 (1985). Here, plaintiff argued that a dismissal with prejudice would preclude him from pursuing his second lawsuit against defendant, because it would bar him from bringing suit on any issues that were raised or could have been raised in the dismissed litigation. That argument apparently persuaded the trial court that dismissal without prejudice was the better course of action. We cannot say that the court abused its discretion.

■ After plaintiff's motion to dismiss was granted, defendant filed a cost bill that included a request for $10,225.75 in attorney fees. The request was based on ORCP 54A(3), which provides for "costs and disbursements, including attorney fees, provided by rule or statute" in cases dismissed under ORCP 54A(2). Defendant argued that it should

---

[1] Defendant filed a cross-claim below against Mark A. Gordon and James G. Rice, who challenged it on the basis that it was procedurally incorrect. It was dismissed, and is not before us on appeal.

be awarded attorney fees based on either ORS 20.105(1)[2] or ORCP 17C.[3] Following a hearing, the trial court said, "I am applying no sanctions whatsoever, because they certainly are not appropriate in this case for one side or the other side." It nonetheless awarded attorney fees to defendant, without identifying the basis on which it made that award.

Plaintiff cross-appeals the award of attorney fees. He argues that the "no sanctions" ruling precluded such an award under either ORCP 17C or ORS 20.105(1). He is correct. *Seely v. Hanson*, 317 Or 476, 480-81, 857 P2d 121 (1993); *Mattiza v. Foster*, 311 Or 1, 803 P2d 723 (1990).

Affirmed on appeal; reversed on cross-appeal.

---

[2] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, * * * the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

[3] ORCP 17 provides, in part:

"(A) Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record who is an active member of the Oregon State Bar. A party who is not represented by an attorney shall sign the pleading, motion or other paper and state the address of the party. Pleadings need not be verified or accompanied by affidavit. The signature constitutes a certificate that the person has read the pleading, motion or other paper, that to the best of the knowledge, information and belief of the person formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

"* * * * *

"(C) If a pleading, motion or other paper is signed in violation of this rule, the court upon motion or upon its own initiative shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee."