86 F.3d 1163
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fred TILLER, Plaintiff-Appellant,
v.
FUJITSU CUSTOMER SERVICES OF AMERICA, INC., Defendant-Appellee.
 No. 94-36101.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided May 28, 1996.
 
 1
 Before: GOODWIN and SCHROEDER, Circuit Judges, and ARMSTRONG, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Tiller appeals an adverse judgment on his claims for breach of employment contract and breach of the duty of good faith and fair dealing following a jury trial in a diversity action for damages. We affirm.
 
 
 4
 Tiller worked as an ATM engineer for Fujitsu until he broke his collar bone and took a disability leave that extended, with some interruption while he attempted to work, for some nine months. While Tiller was on leave, Fujitsu decided to eliminate "first line" ATM service in most of Oregon. This business decision, the bona fides of which have not been questioned, resulted in the elimination of Tiller's job. He was given notice and discharged.
 
 
 5
 Tiller filed an action in state court for unlawful discharge against Fujitsu. He pleaded a claim for disability discrimination, which went to the jury and was rejected. That verdict has not been appealed. The case also included Tiller's allegation that Fujitsu breached its employment contract with Tiller and breached a state law duty of good faith and fair dealing. Fujitsu removed the case to the district court on the basis of diversity of citizenship and pleaded "at will" employment as an affirmative defense to all claims.
 
 
 6
 Tiller advanced a theory that Fujitsu had contractually limited its right under state law to fire him "at will" through: (1) oral promises by two Fujitsu officials; (2) the company leave policy; and (3) a letter sent to active employees regarding the elimination of front line ATM service.
 
 
 7
 The court stated that it would instruct the jury on the duty of good faith and fair dealing as part of the claim for breach of contract. At the close of Tiller's evidence, however, the district court granted Fujitsu's motion to strike the contract claim on the basis of insufficient evidence. As a result the breach of the duty of good faith and fair dealing, which had become a de facto satellite claim with the contract claim, also failed to receive consideration by the jury. Tiller has appealed the rulings which took his contract and fair dealing claims from the jury.
 
 
 8
 We turn then to the question whether the record contained sufficient evidence at the end of Tiller's case to warrant a denial of Fujitsu's motion for judgment as a matter of law on the claims for breach of a contract of employment and breach of a duty of fair dealing.
 
 A. Breach of Contract
 
 9
 Oregon follows the at-will-employment rule, allowing for the discharge of employees "at any time and for any reason, absent a contractual, statutory or constitutional requirement to the contrary." Sheets v. F.E. Knight, 779 P.2d 1000, 1008 (Or.1989) (internal quotations and citations omitted), abrogated on other grounds, McGanty v. Staudenrous, 901 P.2d 841 (Or.1995). Tiller claims that his at-will-employment was modified as noted above, and that Fujitsu violated the resulting contract by discharging him.
 
 
 10
 (1) Oral Promises
 
 
 11
 First, Tiller alleges his at-will-employment contract was modified when two Fujitsu officials told him that he would have employment as long as he did a good job. This general understanding arising from Tiller's conversation with someone in management is insufficient to constitute a contract. A contract cannot be created by "casual or unauthorized comments." Butler v. Portland General Electric Company, 748 F.Supp 783, 792 (D.Or.1990) (holding no modification of an employment contract occurred under circumstances almost identical to those alleged here), aff'd without op., Flynn v. Portland General Electric Co., 958 F.2d 377 (9th Cir.1992).
 
 
 12
 (2) Leave Policy
 
 
 13
 Tiller also claims that Fujitsu breached its leave policy by failing to rehire him when he was ready to return to work. Employee policies and plans can become part of the employment contract. Sabin v. Willamette-Western Corporation, 557 P.2d 1344 (Or.1976). See also, Speciale v. Tektronix, Inc., 590 P.2d 734 (Or.Ct.App.1979). Fujitsu's policy provided:
 
 
 14
 The granting of a leave of absence is an indication that the Company desires to continue a relationship with the individual. Personnel on a leave of absence for less than three calendar months will return to their former position or one of like status and pay if not precluded from doing so because of medical work restrictions....
 
 
 15
 Personnel on a leave of absence for three calendar months or more are given consideration in the filling of openings at the time of their return. If an appropriate vacancy does not exist they will be placed on lay-off status.
 
 
 16
 This language does not support Tiller's contention that Fujitsu promised to continue his employment so long as a vacancy existed. Because Tiller was absent for more than three months, the policy promises that Fujitsu will merely "consider" such employees for any open positions. There was no evidence that Fujitsu did not "consider" Tiller for vacancies that may have existed, or that he was qualified for one and sought a transfer. Indeed the evidence was that Fujitsu considered Tiller for its one opening, a position in North Carolina, but found him unqualified. As a matter of law, Tiller provided insufficient evidence to support submission to the jury of a claim of breach of contract. The ruling was free from error.
 
 
 17
 (3) Letter Regarding Elimination of First Line Services
 
 
 18
 Tiller alleges that Fujitsu breached a contract arising from a letter it sent its active employees regarding the elimination of first line services. Tiller was not an active employee, but was on extended leave when the letter was mailed, and it was not sent to him. In order to form a contract, there must be communicated an offer and acceptance. No offer existed here; there was no contract.
 
 
 19
 B. Breach of the Duty of Good Faith and Fair Dealing
 
 
 20
 Tiller argues that the court should have presented his claim for breach of the duty of good faith and fair dealing ("the Duty") even if the court did not present his claim for breach of contract.
 
 
 21
 The Duty does not apply to "at will" employment contracts. Sheets, 779 P.2d at 1008. "However, if the parties agree to restrict the right to terminate at will, the duty of good faith applies to the restrictive terms, as it does to the performance and enforcement of all of the contractual terms except the right to terminate itself." Elliott v. Tektronix, Inc., 796 P.2d 361, 365 (Or.Ct.App.), review denied, 803 P.2d 731 (Or.1990).
 
 
 22
 Contractual breach and breach of the Duty may be intertwined, but they are not dependent upon each other. In Elliott the court reversed the trial court's order dismissing a claim for breach of the Duty. The defendants had argued that the dismissal was harmless because the jury had found no breach of contract occurred. The court disagreed, stating "[t]he jury's finding that defendants did not breach the contract does not necessarily resolve the implied duty claim, because a party may violate its duty of good faith and fair dealing without also breaching the express provisions of a contract." Id. at 366.
 
 
 23
 Here, Fujitsu's leave policy became part of Tiller's employment contract. Hence the Duty attached to the application of the leave policy. Nevertheless, Tiller has not presented sufficient evidence to support a finding that the Duty was breached. Accordingly, the withdrawal of the contract and Duty questions from the jury was free from error.
 
 
 24
 AFFIRMED.
 
 
 
 *
 Honorable Saundra Brown Armstrong, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3