Argued and submitted November 8, 2011, judgment of dismissal with prejudice reversed; remanded for plaintiff to file third amended complaint November 15, 2012

Jens J. JENSEN,
an individual,
*Plaintiff-Appellant,*

*v.*

Leonard D. DUBOFF;
and Duboff Law Group, LLC,
an Oregon limited liability company,
*Defendants-Respondents,*
*and*

W. Frank ELSASSER
and Levin and Stein,
*Defendants.*

Multnomah County Circuit Court
090607833; A144883

291 P3d 738

Roger Hennagin argued the cause and filed the briefs for appellant.

Laurie R. Hager argued the cause for respondents. With her on the brief were Nena Cook, Elizabeth A. Semler, and Sussman Shank LLP.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

Plaintiff Jens Jensen appeals the trial court's judgment dismissing his second amended complaint with prejudice.[1] Because we conclude that the court abused its discretion when it dismissed plaintiff's second amended complaint with prejudice without considering the content of his proposed third amended complaint, we reverse and remand.

This case stems from a business deal that took place in late 2004 and early 2005, in which plaintiff, who owned a sole proprietorship at the time, partnered with another individual to form a new corporation. Plaintiff alleges that Frank Elsasser of Levin and Stein committed legal malpractice in the course of representing him in that deal. One of plaintiff's key allegations against Elsasser and Levin and Stein is that Elsasser failed to review an asset list that was revised by either plaintiff's business partner or the partner's attorney before the closing date of the deal. According to plaintiff, the revised asset list injured him by adding assets to the new corporation from plaintiff's sole proprietorship that plaintiff had not intended to contribute and by eliminating liabilities that the new corporation was supposed to assume from plaintiff's sole proprietorship. In September 2005, plaintiff retained Leonard DuBoff of the DuBoff Law Group (DLG) to represent him in litigation relating to the business deal, including a potential malpractice action against Elsasser. Plaintiff now alleges that DuBoff and DLG committed malpractice by failing to file the malpractice action against Elsasser before the statute of limitations expired.

In 2009, plaintiff retained Paul Rundle to represent him in actions against Elsasser, Levin and Stein, DuBoff, and DLG. Rundle filed a complaint in Washington County that he voluntarily dismissed. He then filed a similar complaint in Multnomah County on June 8, 2009, alleging negligence and malpractice against Elsasser and DuBoff.[2] He filed

---

[1] Plaintiff also assigns error to the court's April 27, 2010, denial of his motion to set aside the judgment. However, plaintiff did not appeal the order denying the motion to set aside the judgment; therefore, it is beyond the scope of our review.

[2] Defendants Elsasser and Levin and Stein were ultimately dismissed from the case. Thus, throughout this opinion, the term "defendants" refers to DuBoff and DLG.

an amended complaint on June 17, before withdrawing as plaintiff's attorney.

On September 15, 2009, defendants filed motions to dismiss, to strike, and to make more definite and certain under ORCP 21 A(8), 21 D, and 21 E. Plaintiff hired Susanne Feigum to assist in preparing a response to those motions, which he filed *pro se* on October 6. After a hearing on October 22, at which plaintiff represented himself, the court denied without prejudice defendants' motion to dismiss; granted defendants' motions to strike; and granted defendants' motions to make more definite and certain, with leave to replead by November 5.

Plaintiff hired Roger Hennagin to draft a second amended complaint. After Hennagin filed the complaint on November 5, 2009, plaintiff retained Hennagin as counsel. On November 20, defendants filed a motion to dismiss the second amended complaint for failure to state a claim, pursuant to ORCP 21 A(8). Plaintiff filed his response to defendants' motion to dismiss on December 14 and sought to file a third amended complaint on December 23, attaching the proposed complaint. Plaintiff also filed a motion to expedite the hearing on his motion to amend, so that it would be heard at the same time as defendants' motion to dismiss, but the judge on the expedited motions docket denied that motion.

On January 5, 2010, the court held a hearing and granted defendants' motion to dismiss the second amended complaint with prejudice, "in light of the history of the case and the ample opportunity for the plaintiff to attempt to allege cognizable claims[.]" The order was entered on January 20. Although defense counsel insisted that the merits of the proposed third amended complaint were not at issue at the January 5 hearing because plaintiff's motion to expedite had been denied, defense counsel periodically referred to the substance of the proposed third amended complaint during that hearing. After the court granted defendants' motion to dismiss, Hennagin made a record of the contents of the proposed third amended complaint and explained how it would cure the defects of the second amended complaint. The court denied plaintiff's motion to file a third amended complaint on February 17.

On appeal, plaintiff assigns error to the trial court's dismissal with prejudice of his second amended complaint. We review a court's decision to dismiss a case with prejudice for abuse of discretion. *Dean v. Guard Publishing Co.*, 73 Or App 656, 660, 699 P2d 1158 (1985). Under that standard, we affirm the trial court's ruling unless it is not within the range of lawful alternatives. *Gilbert v. Stancorp Financial Group Inc.*, 233 Or App 57, 61, 225 P3d 71 (2009), *rev den*, 348 Or 218 (2010). In reviewing a trial court's judgment of dismissal pursuant to ORCP 21 A(8), we assume the truth of all factual allegations in a plaintiff's complaint and all reasonable inferences that may be drawn from it. *Anderson v. Evergreen International Airlines, Inc.*, 131 Or App 726, 728 n 1, 886 P2d 1068 (1994), *rev den*, 320 Or 749 (1995).

A trial court has discretion to dismiss a case with prejudice, but "judicial discretion is always to be exercised in furtherance of justice." *Speciale v. Tektronix*, 38 Or App 441, 445, 590 P2d 734 (1979). In *Speciale*, the trial court sustained the defendant's demurrer to the plaintiff's complaint for failure to state a claim and denied the plaintiff an opportunity to replead. On the plaintiff's appeal, we explained that, "[i]n order to assess the trial court's exercise of discretion, we must examine the procedural moves prior to the trial court's judgment for defendant." *Id.* at 444. Applying that principle, we held that the trial court properly sustained the demurrer but abused its discretion in denying plaintiff at least one opportunity to replead after it held that the complaint did not state a claim. *Id.* at 444, 446.

Here, the dismissal of the second amended complaint with prejudice also effectively denied plaintiff's pending motion for leave to file a third amended complaint. Therefore, it is appropriate for us to consider the proper standard for reviewing a trial court's decision whether to grant a motion to amend a pleading. ORCP 23 A provides that "leave [to amend] shall be freely given when justice so requires," and we review a court's decision to grant or deny leave to amend for abuse of discretion. *Safeport, Inc. v. Equipment Roundup & Mfg.*, 184 Or App 690, 698, 60 P3d 1076 (2002), *rev den*, 335 Or 255 (2003).

*Ramsey v. Thompson,* 162 Or App 139, 143, 986 P2d 54 (1999), *rev den,* 329 Or 589 (2000), describes how a trial court should exercise its discretion when deciding whether to grant leave to amend a pleading. In *Ramsey,* the defendant moved to strike certain allegations in the petitioner's first amended petition for post-conviction relief on October 31, 1997, approximately five weeks before the scheduled trial. On November 18, 17 days before the trial date, the petitioner responded to the motion to strike and, in so doing, moved for leave to file a second amended petition that would address the defendant's objections to the first amended petition. *Id.* The trial court granted the defendant's motion to strike, denied the petitioner's motion for leave to amend, and subsequently entered judgment against the balance of the petitioner's allegations. *Id.* at 144.

On appeal, the petitioner argued that the trial court had abused its discretion in denying him leave to amend his petition. We agreed, noting that, "while the trial court has 'broad discretion' with respect to amendment of post-conviction pleadings, the exercise of that discretion should comport with ORCP 23 A's directive that leave to amend 'shall be freely given when justice so requires.'" *Id.* (quoting *Temple v. Zenon,* 124 Or App 388, 390, 862 P2d 585 (1993)). Analyzing prior cases, we extracted four considerations that bear on a trial court's appropriate exercise of discretion when determining whether to grant or deny a motion to amend: "(1) the nature of the proposed amendments and their relationship to the existing pleadings; (2) the prejudice, if any, to the opposing party; (3) the timing of the proposed amendments and related docketing concerns; and (4) the colorable merit of the proposed amendments." *Id.* at 145.

Applying those considerations to the facts in *Ramsey,* we held that the trial court had "exceeded the bounds of reasonable discretion" for the following reasons. *Id.* at 147. First, the proposed amendments "were not the product of some unilateral effort by petitioner to interject entirely new claims into the litigation. Rather, the amendments were proffered in direct response to defendant's motion to strike." *Id.* Second, the defendant identified no prejudice he would suffer if the amendments were allowed, aside from the "generic assertion" that, because the defendant

had not believed that certain of petitioner's claims were viable, he had not expended resources preparing a defense to those claims. *Id.* Third, the proposed amendments were requested 17 days before trial, and there was no indication that they would have necessitated a set-over, much less one that would have materially affected the trial court's docket management. *Id.* at 148. Fourth, although the trial court record did not permit us to assess the likely success of the amendments, it appeared that the amendments would have eliminated a fatal defect in the pleadings, and, therefore, the fourth factor was neutral. *Id.* We concluded that the combination of the first three considerations was conclusive and reversed and remanded for further proceedings on the amended allegations. *Id.*

*Safeport, Inc.*, is also instructive. There, we held that the trial court abused its discretion when it denied the defendant's motion to amend the pleadings after trial. 184 Or App at 701. The trial court had conducted a post-trial evidentiary hearing at which it had declined to award the defendant attorney fees, even though it stated that they were "justified," because the defendant had failed to plead and prove the necessary facts under the relevant statute. *Id.* at 699. We held that the defendant had proved compliance with the statute's requirements and that the trial court erred in denying the defendant's motion to amend its pleading to conform to that evidence. *Id.* at 696. First, the defendant's motion to amend did not seek to introduce any new claims, but sought to cure a pleading defect. *Id.* at 700. Second, the plaintiff did not identify any specific prejudice it would face if the amendments were allowed. *Id.* Third, even though the defendant's motion to amend came more than two years after it had filed its original pleading, the plaintiff could assert no cognizable prejudice due to the timing of the motion to amend, and thus that factor also favored allowance of the amendments. *Id.* at 700-01. Fourth, the amendments had colorable merit because "all that stands between defendant and an award of attorney fees is the proper pleading." *Id.* at 701. Therefore, we reversed and remanded for entry of a judgment awarding attorney fees to the defendant. *Id.*

In *Caldeen Construction v. Kemp*, 248 Or App 82, 84, 273 P3d 174 (2012), a case that is factually similar to the

present one, the plaintiffs filed a complaint alleging that the defendant had been negligent in his representation of them in a contract dispute. In response, the defendant filed a motion asking the court either to dismiss the complaint for failure to state a claim or, alternatively, to strike certain allegations or require the plaintiff to make them more definite and certain. *Id.*; *see* ORCP 21 A(8), D, E. In support of the motion, the defendant argued that, because it was a legal malpractice action, the plaintiffs needed to allege facts to establish (1) that they had valid claims in the underlying contract dispute and (2) that the defendant's negligence prevented them from fully recovering on those claims. In response to the defendant's motion, the plaintiffs conceded that they needed to allege those additional facts and requested leave to file an amended complaint. *Id.* at 85. The trial court granted the defendant's motion to dismiss and denied the plaintiffs' request for leave to amend. *Id.* at 84.

On appeal, the plaintiffs argued that the trial court had abused its discretion when it denied their request for leave to amend their complaint. We agreed. *Id.* at 90. With respect to the first three *Ramsey* considerations, we observed that (1) the amendments would not have introduced new claims into the litigation, but would merely have clarified the plaintiffs' existing claims; (2) allowing the plaintiffs to amend would not have prejudiced the defendant; and (3) the plaintiffs' motion to amend was made early in the proceedings, before discovery had occurred and a trial date had been set. *Caldeen Construction*, 248 Or App at 89. With respect to the fourth consideration, we held that, although the record did not allow us to assess the colorable merits of the proposed amendments, it "reveal[ed] no reason to believe that the complaint could not be amended to state a claim." *Id.* Thus, at least three of the *Ramsey* considerations favored allowing the plaintiffs to amend.

Here, the four *Ramsey* considerations weigh in favor of allowing plaintiff to amend even more strongly than they did in *Ramsey* and *Caldeen Construction*. The first consideration is the nature of the proposed amendments and their relationship to the existing pleadings. Plaintiff's proposed third amended complaint alleges the same three claims against the same four parties as his second amended complaint, but includes

more precise facts and supporting exhibits. Thus, the proposed complaint does not introduce new claims, but simply attempts to cure defects identified by defendants in their responsive motions. Leave to amend is more freely given where the plaintiff does not introduce new claims but simply strengthens existing ones. *See Caldeen Construction*, 248 Or App at 89; *Safeport, Inc.*, 184 Or App at 700; *cf. Ballard v. City of Albany*, 221 Or App 630, 638, 191 P3d 679 (2008).

The second consideration is the prejudice, if any, that defendants would suffer if plaintiff were permitted to amend. The only purported prejudice that defendants identified was that, if plaintiff's motion to amend were granted, defendants would have to continue to defend themselves in this action. That does not constitute prejudice; rather, it is a generic assertion common to every defendant opposing a plaintiff's motion to amend. *See Ramsey*, 162 Or App at 147 ("Defendant identified no particular prejudice he would suffer if the amendments were allowed. The sole 'prejudice' that defendant asserted was that he would be required to defend certain claims that would otherwise have been dismissed * * *."). In any event, because the second and third amended complaints are similar, as noted above, defendants would likely not have to expend much additional effort responding to the third amended complaint.

The third consideration, the timing of the motion, also weighs in favor of allowing plaintiff to amend. Plaintiff moved for leave to file a third amended complaint before the hearing on defendants' motion to dismiss the second amended complaint and before a trial date had been set. Thus, this case is similar to *Caldeen Construction*, where the plaintiffs' motion to amend was made early in the proceedings, before a trial date was set. 248 Or App at 89.

Finally, the fourth consideration, the colorable merit of the proposed amendments, also favors allowing plaintiff to amend. Unlike in *Ramsey* and *Caldeen Construction*, where the record did not allow us to analyze the merits of the amendments, the record in the present case does permit such an analysis. Accepting as true—as we must at this stage, *Glubka v. Long*, 115 Or App 236, 238, 837 P2d 553 (1992)—plaintiff's factual assertions in his proposed third amended complaint, the complaint has at least colorable

merit. It attempts to cure some of the defects that defendants identified in the second amended complaint—for instance, specifying that plaintiff's business partner or the partner's attorney revised the financial documents *before* the closing, and specifying the range of dates during which plaintiff first discovered that the asset list had been revised.

Because the *Ramsey* factors indicate that plaintiff should have been allowed to amend his complaint, we conclude that, in this case, the trial court abused its discretion when it dismissed plaintiff's second amended complaint with prejudice without first considering the substance of the proposed third amended complaint. That the court did not exercise its discretion "in furtherance of justice" is evident when we "examine the procedural moves prior to the trial court's judgment for defendant." *Speciale*, 38 Or App at 444-45. Plaintiff attached the proposed third amended complaint to his motion for leave to amend, which was filed on December 23, 2009. Thus, the court knew that the proposed third amended complaint existed before it conducted the January 5 hearing.

Moreover, plaintiff attempted to expedite the hearing on his motion to amend so that it would be heard at the same time as defendants' motion to dismiss the second amended complaint. Because the motion to expedite was denied, however, the only motion squarely before the court on January 5 was defendants' motion to dismiss the second amended complaint. Nevertheless, at the January 5 hearing, defense counsel alluded to the merits of the proposed amended third complaint, arguing that it did not cure the defects in the second amended complaint. Plaintiff's counsel contended that the third amended complaint did cure the defects in the second amended complaint. Thus, the court was aware of the existence of the proposed third amended complaint and the parties had called the court's attention to it; in those circumstances, the court abused its discretion in dismissing plaintiff's second complaint with prejudice without even considering the substance of the proposed third amended complaint.

The court stated that its decision to dismiss with prejudice was based on "the history of the case and the

ample opportunity for the plaintiff to attempt to allege cognizable claims[.]" However, the history of the case actually supports allowing plaintiff to replead. There is no evidence that plaintiff had engaged in dilatory tactics. Plaintiff's original complaint was filed in June 2009, and the court dismissed the action in January 2010. During the seven-month lifespan of the case, plaintiff had had three different attorneys, and had represented himself for a period. The clarity and continuity of his pleadings suffered as a result. The second amended complaint, which was the subject of defendants' motion to dismiss, had been drafted by an attorney, Hennagin, who was new to the case. In response to defendant's motion to dismiss, Hennagin conceded that the second amended complaint contained defects and drafted a third amended complaint in an attempt to cure those defects. But the trial court dismissed the second amended complaint without considering the proposed third amended complaint. Although plaintiffs are not permitted limitless opportunities to attempt to state a claim, in this case, given that plaintiff had acted to cure the defects in his pleading and that the *Ramsey* considerations weighed in favor of allowing him to do so, we conclude that the trial court abused its discretion in dismissing defendant's second amended complaint with prejudice.

Judgment of dismissal with prejudice reversed; remanded for plaintiff to file third amended complaint.