On appellant's petition for reconsideration filed February 28, respondent's response filed March 8, opinion filed February 15, 324 Or App 211, 525 P3d 883 (2023); reconsideration allowed, opinion modified and adhered to as modified May 3, 2023

KIZER EXCAVATING CO.,
an Oregon corporation,
*Plaintiff-Appellant*
*Cross-Respondent,*

*v.*

STOUT BUILDING CONTRACTORS, LLC,
a Utah limited liability company,
*Defendant-Respondent*
*Cross-Appellant.*

Clackamas County Circuit Court
20CV17226; A177168

529 P3d 1024

Plaintiff Kizer Excavating Co. seeks reconsideration of the Court of Appeals opinion holding that the trial court erred in determining that plaintiff could recover damages on its *quantum meruit* claim, and holding that defendant Stout Building Contractors, LLC, the general contractor, is entitled to judgment and attorney fees on plaintiff's breach of contract claim. *Kizer Excavating v. Stout Building Contractors*, 324 Or 211, 525 P3d 833 (2023). *Held*: The Court of Appeals allowed reconsideration to correct a misstatement at 324 Or App at 219 n 2, that plaintiff did not dispute that defendant's challenge in its first assignment of error on cross-appeal was preserved. Plaintiff did, in fact, argue that the argument made in the first assignment of error was not preserved. As the court had previously noted at 324 Or App at 219 n 2, given the way the case was tried, the argument made in the first assignment of error was preserved. But the court corrected the footnote to delete the statement that plaintiff did not dispute that defendant's challenge was preserved.

Reconsideration allowed; opinion modified and adhered to as modified.

Susie L. Norby, Judge.

Paul B. Barton, Alexander Graven, and Olsen Barton LLC, for petition.

Holly E. Pettit, Peter J. Viteznik, and Kilmer, Voorhees & Laurick, PC, for response.

Before Egan, Presiding Judge, and Kamins, Judge, and Hadlock, Judge pro tempore.

EGAN, P. J.

Reconsideration allowed; opinion modified and adhered to as modified.

**EGAN, P. J.**

Plaintiff Kizer Excavating Co., an excavation sub-contractor on a commercial construction project in Dallas, Oregon, seeks reconsideration of our opinion holding that the trial court erred in determining that plaintiff could recover damages on its *quantum meruit* claim, and holding that defendant Stout Building Contractors, LLC, the general contractor, is entitled to judgment and attorney fees on plaintiff's breach of contract claim. *Kizer Excavating v. Stout Building Contractors*, 324 Or 211, 525 P3d 883 (2023). We write to allow reconsideration to correct our misstatement at 324 Or App at 219 n 2, that plaintiff did not dispute that defendant's challenge in its first assignment of error on cross-appeal was preserved. Plaintiff did, in fact, argue that the argument made in the first assignment of error was not preserved. As we previously noted at 324 Or App at 219 n 2, given the way the case was tried, we conclude that the argument made in the first assignment of error was preserved. As corrected, the footnote now reads:

> "We view defendant's argument as the equivalent of a contention that the court mis-instructed itself on the law in concluding that the denial of the change order rendered the additional excavation extracontractual. Given the manner in which the case was litigated, we conclude that defendant's challenge is preserved."

Reconsideration allowed; opinion modified and adhered to as modified.