688 November 13, 2025 No. 965

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SEABOLD CONSTRUCTION CO., INC.,
*Plaintiff-Appellant,*

*v.*

KOZ 2211 SW 4TH AVENUE, LLC,
a Washington limited liability company,
*Defendant-Respondent,*

*and*

ORIX RE HOLDING, LLC,
a Texas limited liability company,
*Defendant.*

Multnomah County Circuit Court
21CV04914; A178493

Judith H. Matarazzo, Judge. (General Judgment)

Adrian L. Brown, Judge. (Supplemental Judgment)

Argued and submitted December 19, 2024.

Jonathan Henderson argued the cause for appellant. Also on the briefs were Elizabeth E. Lampson and Davis Rothwell Earle & Xóchihua, P.C.

Kathleen C. Bricken argued the cause for respondent. Also on the brief were Justice J. Brooks and Foster Garvey, PC.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Plaintiff, Seabold Construction Co., Inc., a construction contractor, brought this action against defendant KOZ 2211 SW 4th Ave, LLC, the owner and developer of property to be improved, alleging claims for breach of contract and *quantum meruit*, arising out of defendant's alleged failure to pay plaintiff for completed construction. The trial court entered a general judgment for defendant on plaintiff's amended complaint and a supplemental judgment awarding defendant attorney fees. Plaintiff appeals both the general and supplemental judgments, assigning error to the trial court's dismissal (from the original complaint) of its *quantum meruit* claim for failure to state a claim and to its dismissal of the amended complaint with prejudice for untimeliness, lack of compliance with a court order, and failure to state a claim. Plaintiff also assigns error to the award of attorney fees to defendant in the supplemental judgment. We conclude that the trial court did not err in dismissing the *quantum meruit* claim as alleged in the original complaint and did not err in dismissing the amended complaint with prejudice. Because plaintiffs' arguments about the attorney fees turn on the success of its other assignments, our conclusions regarding the general judgment also resolve the assignment regarding fees. We therefore affirm.

As pertains to the breach of contract claim, plaintiff's original complaint alleged:

"4.   On or about February 23, 2018, [plaintiff] and [defendant] entered into a written contract (the 'Contract') for the performance of labor and furnishing of materials to be used in construction of the Property.

"5.   [Plaintiff] completed performance under the Contract. However, [defendant] has refused to pay [plaintiff] the full amounts due and owing to [plaintiff].

"6.   The total amount due to [plaintiff] is $1,647,159, inclusive of [plaintiff's] construction lien ('Lien') against the Property, less credits and offsets, which Lien is in the sum of $261,072.44.

"7.   [Plaintiff] filed its Lien on October 15, 2020 within the time prescribed by ORS 87.035 to secure payment of the amount of $261,072.44.

"*****

"18.   [Defendant] breached the Contract by failing and refusing to pay [plaintiff] all amounts due under the Contract. The total owing to [plaintiff] under the Contract is $1,647,159.

"19.   As a result of [defendant's] breach of the Contract, [plaintiff] has been damaged in the sum of $1,647,159 plus attorneys' fees and interest as required by the Contract or as otherwise permitted by law."

For its *quantum meruit* claim, plaintiff alleged:

"21.   The labor and materials alleged and described herein above were actually used for the benefit of the Property.

"22.   The amount, type, and quantity of the labor and materials provide by [plaintiff] and used in the construction of the improvement were reasonable.

"23.   [Defendant] had a duty to afford [plaintiff] a fair and reasonable opportunity to begin and complete the work within the time originally specified in the Contract, and to furnish sufficient plans and specifications so that [plaintiff] could begin and finish the work within the contractually prescribed period without being subjected to unreasonable costs or expenses on account of delays or interference caused by [defendant]. [Defendant] breached these duties by failing to furnish sufficient plans and specifications, including without limitation, permitted plans for the mechanical system for the project, which hindered and delayed [plaintiff's] work. Consequently, [plaintiff] is entitled to recover from [defendant] the market value of its work, including its profit, overhead and interest."

Defendant filed a motion to dismiss plaintiff's complaint, asserting that the complaint failed to state a claim under ORCP 21 A(1)(h).[1] In the alternative, defendant sought an order requiring plaintiff to make the complaint more definite and certain. Defendant attached a copy of the parties' contract to the motion, which had not been attached to the original complaint. Defendant argued that, as correctly construed, the contract shows that plaintiff's claims

---

[1] When defendant filed its motion, ORCP 21 A(1)(h) was numbered ORCP 21 A(8). In this opinion, we refer to the rule as currently numbered.

in fact arise out of *plaintiff's* breach of the construction contract in failing to timely perform its obligations under the contract. Such delays, defendant contended, occurred as a result of plaintiff's failure to comply with the change order provisions of the contract.

Defendant cited three provisions of the contract that it argued provided the only possible circumstances under which plaintiff could seek damages under the contract and argued that none of those existed. Most significantly, defendant quoted a provision of the contract that related to change orders:

> "No Change in the Work, whether by way of alteration or addition to the Work, shall be the basis of an addition to the Contract Price or a change in the Contract Time unless and until such alter[ation] or addition has been authorized by Change Order or written Construction Change Directive executed with and in strict compliance with the requirements of the Contract Documents. This requirement is of the essence of the Contract."

Defendant argued that it could not determine from the allegations of the complaint the services that plaintiff alleged it had performed for which it did not receive payment. Defendant thus argued that plaintiff did not have a claim for breach of contract, or that plaintiff should be required to make the complaint more definite and certain.

Defendant further argued that plaintiff did not have a claim for *quantum meruit*, because the allegations of the complaint show that the *quantum meruit* claim was based on a valid and enforceable contract.

Plaintiff argued that, after conferring with defendant's counsel, it had drafted and sent to the court and to defendant a proposed amended complaint that identified specific provisions of the contract that plaintiff asserted imposed on defendant a duty not to interfere with plaintiff's performance. Plaintiff's proposed amended complaint, which the court said it had read, alleged a new theory of contractual relief—an implied covenant of noninterference. It also alleged that, in their past dealings and course of performance, the parties had waived the contract's requirements relating to change orders. Plaintiff attempted to argue those

theories to the court, but the court declined to consider the theories raised in the proposed amended complaint, which had not yet been filed with the court, explaining that the operative pleading against which defendant's motion must be evaluated was the original complaint, not the drafted proposed amended complaint.

In considering defendant's motion, the trial court agreed with defendant that the *quantum meruit* claim was not cognizable, explaining,

> "I do agree with Defendants that I do not believe that a *quantum meruit* claim is appropriate here given the nature of the contract, given the types of claims that have been asserted regarding hindrance. And I understand that there is a range of case law regarding *quantum meruit*, but here we have a very thorough contract in which there were provisions made to dispute time and to dispute costs, which is what all of these hindrances add up to from the court's perspective."

The court concluded that the *quantum meruit* claim was not cognizable.

The court also agreed with defendant that the breach of contract claim "lacks sufficient specificity to satisfy Oregon's pleading requirements." The court declined to dismiss the breach of contract claim but granted defendant's alternative motion to make the complaint more definite and certain. Plaintiff's counsel asked if further conferral with defense counsel was required, and the court clarified that plaintiff was authorized to make the breach of contract allegations in the original complaint more definite and certain without conferral. But if plaintiff sought to amend the complaint further than that, plaintiff would have to move to file an amended complaint pursuant to trial court rules, which would require conferral with defendant's counsel.[2]

Plaintiff filed an amended complaint two days after the time limit stated in ORCP 15 B(2) ("If the court grants a

---

[2] The court said:

"So the ruling is in regard to the original complaint and the paragraphs regarding the breach of contract. Right, that's the part that's about making it more definite and certain. So if you wish to amend the complaint further than that then I believe it does require an additional motion to amend, in which a conferral would be necessary."

motion and an amended pleading is allowed or required, that pleading must be filed within 10 days after service of the order, unless the order otherwise directs."). The amended complaint omitted the *quantum meruit* claim but amended the breach of contract claim to identify specific provisions of the contract that were alleged to have been breached. The amended complaint quoted numerous provisions of the contract that related to causes for delays in performance and also alleged a new theory of "implied covenant of non-interference." Plaintiff also alleged that, throughout the course of performance on the project and other projects, the parties, through their practices, had abandoned the change order requirements of the contract on which defendant relied for its argument for dismissal.

Defendant then filed a motion to dismiss the complaint with prejudice, asserting that plaintiff's amended complaint was untimely and, further, that it did not comply with the court's requirement to make the allegations more definite and certain or to follow the trial court rules for seeking to amend the complaint by filing a motion to amend and by conferral. Defendant also argued that the complaint as amended failed to state a claim for breach of contract.

The trial court agreed that plaintiff's amended complaint should be dismissed, citing several reasons. The court cited plaintiff's failure to comply with the time limit stated in ORCP 15 (B)(2), as well as plaintiff's failure to state a claim. The court also concluded, based on its construction of the parties' contract, that the amended complaint had failed to state a claim.[3] The court ruled that the complaint

---

[3] The trial court gave its ruling from the bench:

"And, you know, the previous order limited the amendment of any pleading to have specific operative contract terms that were breached, not a waiver or conclusions about whether or not there were sort of implied provisions. And here the court had previously directed [plaintiff] to allege with specificity the contractual provisions that [plaintiff] contended that [defendant] breached that entitled them to damages and the court does not see that that has been met. And it does not believe that either striking or requiring the plaintiffs to provide a more specific complaint would be fruitful at this time, because that has been provided, that opportunity has been provided and it still has not been done.

"* * * * *

"Regardless, the plaintiff still fails to identify the specific contract provisions. Not the implied provisions or the conclusions about modifications, but the actual provisions that would entitle it to damages for a breach and in that

would be dismissed with prejudice, because plaintiff had had an opportunity to amend the complaint to state a claim by alleging provisions that would entitle it to damages but had not been able to so and, based on the trial court's construction of the parties' contract, the complaint could not be amended to state a breach of contract claim.

On appeal, for its first assignment of error, plaintiff asserts that the trial court erred in granting defendant's motion to make the complaint more definite and certain, contending that the complaint as written was sufficient and that, in making its determination, the court erroneously relied on extrinsic evidence—the contract itself, provisions of which defendant had included with its motions. Defendant responds that plaintiff failed to preserve its contention that the court should not refer to the contract in considering defendant's motions. We agree with defendant that the argument relating to extrinsic evidence is not preserved. Although plaintiff argued that the original complaint was sufficient to state a claim for breach of contract, plaintiff also specifically argued to the court the significance of the contract provisions cited by defendant without objection as to their consideration. And plaintiff included provisions of the contract in its response to defendant's motion to dismiss; plaintiff never contended that the court should not consider the contract itself. Thus, we decline to consider plaintiff's contention in its first assignment that the court erred in relying on the parties' contract in evaluating defendant's motions.

---

regard it appears that Plaintiff's breach of contract claim is precluded as a matter of law.

"And the court does not believe that getting to summary judgment is required at this juncture because of the fact that there has been time to make those specifics known as pursuant to the prior court order.

"Essentially, it appears that indeed there was an essence in the contract which could not be changed by performance of the parties, and that essence were the change orders. And as previously noted, the court did already determine that [*City of Portland v. Hoffman Const. Co.*, 286 Or 789, 796–98 (1979),] was not applicable in any implied provision that there would be some sort of covenant of noninterference simply is not a breachable duty that the court believes is provided under the contract to allow the plaintiff to recover damages.

"Therefore, the court is dismissing this case with prejudice. I would ask the defendants to provide a proposed order and to run that—confer with Plaintiffs in this regard and then submit that to the court for review and signature."

Plaintiff's first assignment includes the contention that the original complaint, as filed, was adequate to state a claim for breach of contract, because it adequately alleged a "plain and concise statement of the ultimate facts" constituting a breach of contract, as required by ORCP 18 A. *See Moyer v. Columbia State Bank*, 316 Or App 393, 402–03, 505 P3d 26 (2021), *rev den*, 369 Or 705 (2022) ("To state a claim for breach of contract, plaintiff must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach[,] and defendant's breach resulting in damage to plaintiff." (Quoting *Slover v. State Board of Clinical Social Workers*, 144 Or App 565, 570, 403 P2d 1098 (1996))). For that reason, plaintiff contends, the trial court should not have granted the motion to make the complaint more definite and certain.

The difficulty with plaintiff's argument is that, although the original complaint may, in isolation from the contract, have been sufficient in and of itself to state a contract claim, because the contract provisions became a part of the pleading record, the court's evaluation of the adequacy of the claim necessarily included consideration of the contract provisions, which the court concluded required additional allegations to establish an entitlement to damages based on the facts alleged. Under the circumstances, there was no error in granting defendant's motion to make the complaint more definite and certain.

In its second assignment, plaintiff asserts that the trial court erred in declining to accept and consider plaintiff's proposed amended complaint at the time it considered defendant's motion to dismiss. The question is not properly before us. It might have been, had plaintiff filed its proposed amended complaint at that time. But there was no ruling at that point on the amended complaint, because it had not been filed. *Turner v. Dept. of Transportation*, 270 Or App 353, 356 n 2, 348 P3d 253 (2015), *aff'd*, 359 Or 644 (2016) (stating that the amended complaint that was filed and served is the operative pleading). Additionally, defendant's motions to dismiss and to make more definite and certain were addressed to the original complaint. The trial court did not err in concluding that the motions would be

considered only with regard to the original complaint. We therefore reject the second assignment.

In its third assignment of error, plaintiff contends that the trial court erred in dismissing the *quantum meruit* claim from the original complaint, asserting that the complaint adequately stated a claim. Plaintiff's claim asserted, in essence, that defendant caused delays in plaintiff's performance of its obligations under the contract that caused it to incur additional costs, expenses, and lost profits, for which it sought to be compensated. As noted, the court determined that the claim was not cognizable, because the parties' obligations, including those relating to delays, were set out in a valid and enforceable contract.

We agree with the trial court that the *quantum meruit* claim was not cognizable, because the contract included provisions that governed the parties' obligations in the context of delays. Plaintiff admitted that the contract governed the work at issue as well as delays and extra costs. For those reasons, we conclude that the trial court did not err in dismissing the *quantum meruit* claim. *See Kizer Excavating v. Stout Building Contractors*, 324 Or App 211, 217-18, 525 P3d 883, *adh'd to as modified on recons*, 325 Or App 642, 529 P3d 1024 (2023) (holding that there is no viable quantum meruit claim when a contract governs the work at issue.).

As noted, plaintiff filed an amended complaint two days after the filing deadline set out in ORCP 15 B(1). The court dismissed the complaint because it was untimely and for other procedural shortcomings, and because it failed to state a claim. The court dismissed the complaint with prejudice, explaining that plaintiff had had sufficient time and opportunity to correct deficiencies in its complaint to state the provisions of the contract that would entitle it to damages and had not been able to do so, and the court did not believe that plaintiff would be able to state a claim.

Plaintiff asserts that the trial court abused its discretion in dismissing its breach of contract claim with prejudice as a sanction for violating filing requirements. As an initial matter, we have reviewed the record and do not agree with plaintiff that the court dismissed the complaint

as a sanction. As noted, the court gave several reasons for its dismissal of the complaint. Among them were the undisputed facts that the face of the complaint shows that it was untimely filed under ORCP 15 B(1) and that plaintiff had failed to state a claim for breach of contract because plaintiff had failed to allege provisions of the contract that would entitle it to damages for the asserted breach. *See Eklof v. Persson*, 369 Or 531, 542—44, 508 P3d 468 (2022) (A court is not required to allow an amendment to raise a futile claim where that "claim is one that could not prevail on the merits due to some failing in the pleadings or some unavoidable bar or obstacle."). Each of those bases provided grounds for the dismissal.

The remaining question is whether the court abused its discretion in dismissing the complaint with prejudice. "The decision to dismiss a case with or without prejudice is within the discretion of the trial judge, and we review only for manifest abuse of that discretion." *Bernard v. Gary J. Lekas*, 124 Or App 416, 418, 862 P2d 564 (1993). We review a discretionary ruling to dismiss a claim with prejudice for abuse of discretion and will affirm the court's ruling unless its decision is not within the range of lawful alternatives. *See Munson v. Valley Energy Investment Fund*, 264 Or App 679, 711, 333 P3d 1102 (2014); *Jensen v. Duboff*, 253 Or App 517, 520, 291 P3d 738 (2012) ("We review the court's decision to dismiss a case with prejudice for abuse of discretion."). We conclude that the trial court did not abuse its discretion. The court explained that plaintiff had had an opportunity to amend its complaint to correctly allege a breach of contract claim by citing specific provisions of the contract under which it would be entitled to damages for the alleged breach but had been unable to. We have examined the contract and agree with the trial court that plaintiff did not state a claim for breach of contract based on the delays and interference alleged in the amended complaint and that the deficiencies could not be cured by amendment. We therefore conclude that the trial court's decision to dismiss the claim with prejudice was within the court's discretion.

Affirmed.