Argued and submitted January 22, reversed remanded on appeal; affirmed on cross-appeal April 17, 1996

Edward J. HAGAN, Jr.,
and Edward J. Hagan, Jr.,
as guardian ad litem for Patricia Hagan,
*Appellants - Cross-Respondents,*

*v.*

Jay SHORE
and Dean N. Alterman, as Successor Trustee;
M. Lorraine Hall, and Paul J. Rask,
as Successor Trustee,
*Respondents - Cross-Appellants.*

(9401-00752; CA A85028)

915 P2d 435

Thomas A. Bittner argued the cause for appellants - cross-respondents. With him on the briefs was Schulte, Anderson, Downes, Carter & Aronson, P.C.

Richard M. Botteri argued the cause for respondents - cross-appellants Jay Shore and Dean M. Alterman. With him on the briefs was Preston Gates & Ellis.

Gordon T. Carey, Jr., argued the cause for respondents - cross-appellants M. Lorraine Hall and Paul J. Rask. With him on the briefs was Carey & Marks.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiffs appeal from a judgment on the pleadings against an amended complaint for declaratory relief, which sought to void certain notes and trust deeds held by defendants. Defendants cross-appeal, asserting that the court erred in permitting plaintiffs to amend their complaint and, consequently, erred in failing to grant defendants' motion for judgment on the unamended pleadings. We reverse on the appeal and affirm on the cross-appeal.

Plaintiffs Edward Hagan and Patricia Hagan are husband and wife. This case arises from various transactions in which the Hagans' son, Gerry, purporting to act as his parents' attorney-in-fact, encumbered their assets. In particular, Gerry procured a $100,000 loan from defendant Shore, securing the loan with a promissory note and trust deed on his parents' home, which Gerry purported to sign as his parents' attorney-in-fact. Gerry also borrowed $95,000 from defendant Hall and secured that loan with a note and trust deed, which he purported to sign as attorney-in-fact for his father. It is uncontroverted that Edward Hagan and Patricia Hagan did, in fact, separately execute general power of attorney forms, naming Gerry as their attorney-in-fact.

In January 1994, Edward Hagan, individually and as Patricia's guardian *ad litem*, filed a complaint seeking, *inter alia*, a declaration that the Shore and Hall promissory notes and trust deeds were unenforceable because Gerry exceeded his authority in purporting to bind his parents and their assets with respect to those transactions. The supplemental amended complaint alleged, in pertinent part:

"8.

"Under the terms of the general power of attorney, all powers conferred upon Gerry Hagan are subject to being exercised solely for the use and benefit of Patricia Hagan.

"* * * * *

"10.

"When Gerry Hagan procured the signature of Patricia Hagan, he knew that she suffered from Alzheimer's Disease and that she was incompetent to enter into a contract on her own behalf.

"11.

"On or about May 20, 1993, Gerry Hagan presented to Edward Hagan a general power of attorney form appointing Gerry Hagan as Edward Hagan's attorney-in-fact. Gerry Hagan told Edward Hagan that he wanted to be Edward Hagan's attorney-in-fact because Patricia Hagan was incompetent, and if Edward also became unable to care for Patricia, Gerry Hagan would be able to arrange the affairs of his parents. With that understanding, Edward Hagan executed the power of attorney which authorized Gerry Hagan to exercise the powers expressed in the document exclusively for the use and benefit of Edward Hagan. A copy of the power of attorney is attached as Exhibit 2.

"* * * * *

"17.

"Gerry Hagan borrowed the $100,000 cash from Jay Shore for his own purposes and not for the use and benefit of either Edward or Patricia Hagan.

"* * * * *

"21.

"The Shore Note and Trust deed are not enforceable against Patricia Hagan because she was incompetent to appoint Gerry Hagan as her attorney-in-fact and the Shore Note and Trust Deed were procured for the use and benefit of Gerry Hagan and that fact was known.

"22.

"The Shore Note and Trust Deed are not enforceable against Edward Hagan because Gerry Hagan procured Edward Hagan's signature on the power of attorney by fraud and the Shore Note and Trust Deed were not for the use and benefit of Edward Hagan.

"* * * * *

"25.

"On May 21, 1993, Gerry Hagan executed a promissory note to Hall in the name of Gerry Hagan and Edward Hagan by Gerry Hagan in the amount of $95,000 to evidence the receipt of that sum of money from Hall ('Hall Note'). A copy of the promissory note is attached as Exhibit 7.

"* * * * *

"29.

"The Hall Note and Trust Deed are not enforceable as to Edward Hagan. The money borrowed by Gerry Hagan was not for the use and benefit of Edward Hagan."

Defendants answered and then moved for judgment on the pleadings. After the court heard arguments on defendants' motion and indicated, in colloquy, that the motion would be granted, plaintiffs' counsel orally sought leave to amend the pleadings through interlineation to add the following allegations:

"To the end of paragraph 17: 'Shore knew that the $100,000 loan was to pay the debts of Gerald Hagan and not for the use and benefit of Edward or Patricia Hagan;' and

"To the end of paragraph 25: 'Hall knew that the $95,000 loan was to pay the debts of Gerald Hagan and not for the use and benefit of Edward or Patricia Hagan.' "

Defendants objected to plaintiffs' proposed amendments as untimely, but the court allowed leave to amend. Thereafter, the court granted judgment on the pleadings against the supplemental amended complaint, as amended by interlineation.[1]

Because of the unusual procedural juxtaposition, we first consider defendants' cross-appeal. If the trial court erred in failing to allow judgment on the pleadings against the complaint before amendment by interlineation, the propriety of judgment against the complaint after amendment by interlineation becomes immaterial.

■ We reject the cross-appeal. The allowance of amendments to pleadings after the filing of potentially dispositive motions—and, indeed, after preliminary rulings on such motions—but before the entry of some written disposition, is a matter committed to the trial court's discretion. ORCP 23 A. *See, e.g., Cole v. Zidell Explorations, Inc.*, 275 Or 317, 322, 550 P2d 1194 (1976) (trial court did not err in permitting amendment after submission of motion for judgment on the pleadings); *Enertrol Power Monitoring Corp. v. State of*

---

[1] In granting the motion, the court directed that, "defendants' last filed answers shall remain as answers to the supplemental amended complaint, as amended herein, without necessity of further amending the answers."

*Oregon*, 116 Or App 502, 505, 841 P2d 694 (1992) (trial court did not abuse discretion in denying leave to amend after summary judgment motion hearing occurred). Here, defendants do not identify any particular in which the trial court abused its discretion. Moreover, defendants have not identified any legally cognizable prejudice from the court's allowance of the amendment.[2]

■■     We turn, then, to the propriety of judgment on the pleadings, as tested against the complaint as amended by interlineation. A motion for judgment on the pleadings is properly granted only "when the pleadings, taken together, affirmatively show that plaintiff has no cause of action against the defendant or when defendant affirmatively alleges a complete defense which is admitted or not denied in a reply." *Scott & Payne v. Potomac Ins. Co.*, 217 Or 323, 330, 341 P2d 1083 (1959); *see generally Thompson v. Telephone & Data Systems, Inc.*, 130 Or App 302, 309, 881 P2d 819 (1994). In reviewing a judgment on the pleadings, we assume the truth of all well-pleaded allegations. *Sager v. McClenden*, 296 Or 33, 35, 672 P2d 697 (1983).

■     Plaintiffs first contend that the judgment on the pleadings as to Patricia Hagan's liability was erroneous because the supplemental amended complaint alleges facts that, if true, are sufficient to demonstrate that Patricia was incompetent to execute the power of attorney by which Gerry purported to act on her behalf. We agree with plaintiffs that the pleadings, and especially the allegations of paragraphs 10 and 21 of the supplemental amended complaint pertaining to Patricia's Alzheimer's condition and consequent incompetency, 140 Or App at 394-95, preclude judgment on the pleadings with respect to Patricia. Accordingly, the trial court erred in that regard.

---

[2] Obviously, the trial court granted judgment on the pleadings against the complaint as amended by interlineation. Consequently, the amendment did not prejudice defendants with respect to the *trial court's* disposition. However, defendants' cross-appeal presumes that, if this court reverses the trial court's allowance of judgment on the pleadings against the complaint as amended by interlineation, the amendment will have prejudiced defendants because, but for the amendment, judgment on the pleadings against the unamended complaint would have been allowed and, if appealed, would have been sustained. That is not the sort of "prejudice" that precludes amendment under ORCP 23 A.

■ The pleadings disclose no dispute as to Edward Hagan's competence to execute the general power of attorney. Edward does contend, however, that the pleadings sufficiently allege facts that, if true, demonstrate that: (1) Gerry acted beyond the scope of his authority in the Shore and Hall transactions; and (2) Shore and Hall were aware that Gerry was acting beyond the scope of his authority. The pertinent provisions of the general power of attorney, which is incorporated by reference in the pleadings, state that Gerry was appointed as Edward's "lawful attorney-in-fact" and that, for Edward's "use and benefit," Gerry was authorized:

> "(1)  To lease, let, grant, bargain, sell, contract to sell, convey, exchange, remise, release, and dispose of any real or personal property of which [husband] now or hereafter may be possessed or in which [husband] may have any right, title or interest, including rights of homestead, for any price or sum and upon such terms and conditions as to [husband's] attorney may seem proper;

> "* * * * *

> "(3)  To buy, sell and generally deal in and with goods, wares, and merchandise of every name, nature and description and to hypothecate, pledge and encumber the same;

> "* * * * *

> "(18)  To generally conduct, manage and control all [husband's] business and my property, wheresoever situated, as * * * attorney may deem for [husband's] best interest[.]"

Edward contends that the "use and benefit" qualification of the general power of attorney, when coupled with the allegations that both Shore and Hall knew that the loans were to pay Gerry's debts and were "not for the use and benefit of Edward or Patricia Hagan," were sufficient, under accepted principles of agency law, to preclude judgment on the pleadings as to Edward's liability. Edward invokes, particularly, *Restatement (Second) of Agency* § 165:

> "A disclosed or partially disclosed principal is subject to liability upon a contract purported to be made on his account by an agent authorized to make it for the principal's benefit, although the agent acts for his own and other improper purposes *unless the other party has notice that the*

*agent is not acting for the principal's benefit.*" (Emphasis supplied.)

Defendants counter that, notwithstanding the power of attorney's "use and benefit" qualification and Shore's and Hall's alleged awareness that Gerry was not acting for his parents' use and benefit, judgment on the pleadings was nevertheless proper because

> "it is certainly not uncommon for parents to allow their children to use the parents' credit to obtain a loan to buy a car, buy a house, or start a business. Plaintiff and his wife executed broad forms of general powers and put their agent-son in a position to borrow money from individuals, such as defendants, and it simply does not lie for plaintiff[s] to now object that the transaction was not strictly for the principal-parents' economic benefit, when, indeed, it may well be that [plaintiffs] did not expect an economic benefit, but an emotional one."

Whatever the truth of defendants' observations about parent/child relationships, defendants ignore the fact that plaintiffs explicitly pleaded that Shore and Hall knew that the loans were "not for the use and benefit of Edward or Patricia Hagan." That allegation, taken at face value, asserts that Shore and Hall knew that Edward (and Patricia) would not derive *any* "use and benefit"—financial, emotional, or otherwise—from the transactions.

Defendants also contend that plaintiffs' "use and benefit" allegations are mere legal conclusions, devoid of factual content and that, thus, those allegations cannot preclude judgment on the pleadings. Again, we disagree. As employed in the context of this dispute, the "not for the use and benefit" allegations sufficiently plead that Edward (and Patricia) would not, as a matter of fact, derive any actual benefit from the transactions.

■ Finally, defendants assert that they are, in all events, entitled to judgment on the pleadings by virtue of a clause in the power of attorney form, which provides that "all third persons [are released] from responsibility for the acts and omissions of [the attorney-in-fact]." Defendants contend

that that release language bars this action, at least with respect to Edward.[3]

Defendants' reliance on the release provision is misplaced. Edward does not seek to hold defendants responsible or liable for Gerry's acts or omissions. Rather, Edward seeks to avoid liability *to defendants* for Gerald's allegedly *ultra vires* acts. Thus, the release provision is, by its terms, inapposite.

The trial court erred in allowing judgment on the pleadings against plaintiffs' claims.

Reversed and remanded on appeal; affirmed on cross-appeal.

---

[3] Because the pleadings raised the issue as to whether Patricia was competent to even execute the power of attorney, the release clause, even if given the effect that defendants urge, could not compel judgment on the pleadings as to her.