Argued and submitted May 18, 2011, reversed and remanded February 8, 2012

CALDEEN CONSTRUCTION, LLC;
Callie D. Calhoun;
and Jon C. Calhoun,
*Plaintiffs-Appellants,*

*v.*

M. Mark KEMP;
and M. Mark Kemp, P. C.,
*Defendants-Respondents.*

Union County Circuit Court
090645745; A143946

273 P3d 174

Marianne Dugan argued the cause and filed the briefs for appellants.

Bruno J. Jagelski argued the cause for respondents. With him on the brief was Yturri Rose LLP.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

DUNCAN, J.

## DUNCAN, J.

Plaintiffs filed a complaint against defendant,[1] alleging legal malpractice. Pursuant to ORCP 21 A(8), defendant moved to dismiss the complaint for failure to state a claim. The trial court granted the motion and denied plaintiffs' request for leave to file an amended complaint. Plaintiffs appeal, asserting that the trial court abused its discretion by denying them leave to file an amended complaint. We agree and, therefore, reverse and remand.

We begin with the relevant facts, which are few and undisputed. Plaintiffs hired defendant to represent them in a contract dispute. Defendant litigated the contract dispute, ultimately trying the case to a jury. Plaintiffs prevailed, but not to the extent that they believed that they should have.

Thereafter, plaintiffs filed the complaint in this case, alleging that defendant had been negligent in his representation of them. Specifically, the complaint alleged that defendant had been negligent by, *inter alia*, failing to assert certain causes of action, failing to introduce certain evidence at trial, and failing to object to the introduction of other evidence at trial. The complaint also alleged that, but for defendant's negligent failures, plaintiffs would have recovered $221,800 more in damages than they did.

In response, defendant filed a motion asking the court either to dismiss the complaint for failure to state a claim or, alternatively, to strike particular allegations or make those allegations more definite and certain. *See* ORAP 21 A(8), D, E. In support of the motion, defendant argued that, because plaintiffs had alleged legal malpractice, plaintiffs needed to plead the "case within a case." That is, plaintiffs needed to allege facts to establish (1) that they had additional valid claims in the underlying contract dispute, and (2) that defendant's negligence prevented them from fully recovering on those claims. *See, e.g., Harding v. Bell*, 265 Or 202, 205, 508 P2d 216 (1973) (the plaintiff in a legal malpractice action must prove that, but for the defendant's negligence, the outcome in the underlying case would have been

---

[1] For ease of reference, we refer to defendants M. Mark Kemp and M. Mark Kemp, P. C. collectively, as defendant.

different); *see also Watson v. Meltzer*, 247 Or App 558, 566, 270 P3d 289 (2011) ("[T]he general requirement that a plaintiff [in a legal malpractice case] demonstrate that he or she would have obtained a more favorable result but for the negligence of the defendant has been referred to as a requirement of proving a 'case within a case.' "). It was not sufficient, defendant argued, for plaintiffs to allege only that defendant should have brought particular causes of action, they also had to allege facts from which a reasonable trier of fact could conclude that they would have prevailed on those causes of action.

In a written response to defendant's motion, plaintiffs conceded that they needed to plead the "case within a case" and requested leave to file an amended complaint. At the hearing on defendant's motion, defendant argued, for the first time, that plaintiffs should not be allowed to file an amended complaint. According to defendant, allowing plaintiffs to file an amended complaint would "simply put[ ] off the inevitable in this case, which is the next round of motions and summary judgment," because, in defendant's view, plaintiffs' legal malpractice claim was "very untenable." Plaintiffs replied that they were willing to amend the petition to allege facts to establish their claims relating to the underlying contract dispute, but that defendant was improperly seeking more than that:

> "It does appear that, unlike most other cases, we have to plead the case within the case. There's this additional pleading element. And we're certainly willing to do that. But the levels of pleading that the defendant is seeking are pretty extraordinary."

The trial court granted defendant's motion to dismiss and denied plaintiffs' request for leave to amend the complaint.

On appeal, plaintiffs assert that the trial court abused its discretion when it denied their request for leave to amend the complaint. We begin our discussion with the relevant rules. ORCP 21 A provides that, when a trial court grants a motion to dismiss, "the court may enter judgment in favor of the moving party or grant leave to file an amended complaint." ORCP 25 A further provides that,

"[w]hen a motion to dismiss or a motion to strike an entire pleading or a motion for a judgment on the pleadings under Rule 21 is allowed, *the court may, upon such terms as may be proper, allow the party to amend the pleading.*"

(Emphasis added.)

Although a trial court is not required to grant a motion to amend under ORCP 25 A, such motions should be "liberally granted if amendment would preclude the entry of * * * a judgment." *Smith v. Washington County*, 180 Or App 505, 524 n 13, 43 P3d 1171, *rev den*, 334 Or 491 (2002) (citing *Slogowski v. Lyness*, 324 Or 436, 439, 927 P2d 587 (1996)) (emphasis omitted). "[A] judge should seldom dismiss a complaint *with prejudice* on a defendant's first pleading motion." *Dean v. Guard Publishing Co.*, 73 Or App 656, 660, 699 P2d 1158 (1985) (emphasis in original). Indeed, when a defendant's first responsive pleading is a successful ORCP 21 motion, "the plaintiff, typically, is permitted to replead." *Ramsey v. Thompson*, 162 Or App 139, 147, 986 P2d 54 (1999), *rev den*, 329 Or 589 (2000).

We review a trial court's denial of a motion to amend after an ORCP 21 A dismissal for "abuse of discretion." *Dean*, 73 Or App at 660. A trial court's discretion to grant or deny motions to amend under ORCP 25 A is not limitless. It is bounded by the requirement that motions to amend should be "liberally granted if amendment would preclude the entry of * * * a judgment." *Smith*, 180 Or App at 524 n 13 (emphasis omitted). *See also Safeport, Inc. v. Equipment Roundup & Mfg.*, 184 Or App 690, 698, 60 P3d 1076 (2002), *rev den*, 335 Or 225 (2003) (a trial court's discretion to grant or deny a motion to amend under ORCP 23 A is limited by that rule's requirement that leave to amend "shall be freely given when justice so requires"); *Ramsey*, 162 Or App at 144 (so holding with respect to trial court decisions on motions to amend under ORS 138.610, which, consistent with ORCP 23 A, requires that such motions be freely granted when justice so requires).

In *Ramsey*, we identified four factors that bear on the appropriate exercise of a trial court's discretion to grant or deny leave to amend, specifically: "(1) the nature of the proposed amendments and their relationship to the existing

pleadings; (2) the prejudice, if any, to the opposing party; (3) the timing of the proposed amendments and related docketing concerns; and (4) the colorable merit of the proposed amendments." 162 Or App at 145. *See also Safeport*, 184 Or App at 699-701 (applying *Ramsey* factors when reviewing a trial court's denial of a motion to amend under ORCP 23 A).

Plaintiff argues that application of the *Ramsey* factors establishes that, as in *Ramsey*, the trial court abused its discretion by denying leave to amend. In *Ramsey*, the petitioner filed a petition for post-conviction relief, alleging that, in the underlying criminal proceeding, his trial counsel, the prosecutor, and the trial court all committed errors. The defendant moved to strike the allegations against the prosecutor and trial court on the ground that they could have been raised through objections during the underlying criminal proceeding. *See Palmer v. State of Oregon*, 318 Or 352, 354, 867 P2d 1368 (1994) (a post-conviction petitioner may not assert "an issue that was not raised at trial in the underlying criminal proceeding, when the petitioner reasonably could have been expected to raise that issue * * * and when the petitioner does not assert that the failure to raise the issue constituted inadequate assistance of trial counsel"). In response, the petitioner moved to amend his petition to include allegations that his trial counsel in the underlying criminal proceeding had been ineffective in failing to make those objections. The defendant opposed the petitioner's motion, and the trial court denied it. The case proceeded to trial, and the trial court denied the petitioner post-conviction relief. The petitioner appealed, arguing that the trial court abused its discretion by denying his motion to amend. *Ramsey*, 162 Or App at 141-44.

We reviewed the trial court's denial, which was governed by ORS 138.610. Under that statute, trial courts have " 'broad discretion' with respect to amendment of post-conviction pleadings," but "the exercise of that discretion should comport with ORCP 23 A's directive that leave to amend 'shall be freely given when justice so requires.' " *Ramsey*, 162 Or App at 144 (quoting *Temple v. Zenon*, 124 Or App 388, 390, 862 P2d 585 (1993) and ORCP 23 A). Applying the four considerations set out above, we concluded that "the

trial court's denial of leave to amend exceeded the bounds of reasonable discretion." *Ramsey*, 162 Or App at 147.

With respect to the first factor—the nature of the proposed amendments and their relationship to the existing pleadings—we observed that the petitioner's proposed amendments "were not the product of some unilateral effort by petitioner to interject entirely new claims into the litigation," rather, they were "proffered in direct response to defendant's motion to strike[,] * * * to cure deficiencies that defendant identified." *Id*. We further observed that the circumstances in the case paralleled "the common sequence in civil litigation where the defendant's first responsive pleading is a Rule 21 motion and, if that motion is successful, the plaintiff, typically, is permitted to replead." *Id*.

With respect to the second factor—the prejudice, if any, to the opposing party—we observed that the defendant had not identified any particular prejudice he would suffer. *Id*. He had not, for example, identified how the amendments would harm his ability to prepare or present his defense. *Id*.

With respect to the third factor—the timing of the proposed amendments and related docketing concerns—we observed that the petitioner had filed his motion to amend 17 days before trial and in response to the defendant's first responsive pleading; there was "no indication * * * that the proposed amendments would, in fact, have necessitated any trial set over, much less a set over that would have materially implicated the trial court's docket management." *Id*. at 148.

Finally, with respect to the fourth factor—the colorable merit of the proposed amendments—we stated that we "[could] not assess the likely success of the claims as amended" but that they would have "eliminated a fatal defect and rendered those claims facially legally sufficient." *Id*. Thus, we concluded, the fourth factor "appear[ed] to be neutral." *Id*.

After reviewing the four factors, we concluded that the "combination of the first three"—the nature of the amendment, the prejudice to the defendant, if any, and the timing of the motion to amend—was "conclusive." *Id*. We explained that, "[i]n the particular circumstances presented,"

the trial court's denial of leave to amend "was an abuse of discretion." *Id.*

As mentioned, plaintiffs assert that, as in *Ramsey*, the trial court in this case abused its discretion by denying their motion to amend. We agree that this case cannot be meaningfully distinguished from *Ramsey*.

First, plaintiffs' amendments would not have introduced new claims into the litigation. Plaintiffs' complaint alleged that defendant committed errors while representing them in the underlying contract dispute and that the errors caused them to suffer damages. The amendments, which were in response to defendant's first responsive pleading, would have clarified plaintiffs' allegations of causation by asserting facts to establish that the alleged errors affected the outcome of the underlying contract dispute.

Second, allowing plaintiffs to amend the complaint would not have prejudiced defendant. Plaintiffs' motion to amend was made early in the proceedings and would have only clarified the existing allegations. *See Hagan v. Shore*, 140 Or App 393, 398 n 2, 915 P2d 435 (1996) (the fact that allowing an amendment would preclude entry of judgment on the pleadings "is not the sort of 'prejudice' that precludes amendment under ORCP 23 A").

Third, because plaintiffs' motion to amend was made early in the proceedings, no discovery had occurred and no trial date had been set. It does not appear that granting the motion would have had any effect on the trial court's docket management.

Finally, as in *Ramsey*, on this record we cannot assess the colorable merits of the amendments. Plaintiffs intended to amend the complaint to plead the "case within the case" and the record reveals no reason to believe that the complaint could not be amended to state a claim. *See Slogowski*, 324 Or at 439 (" 'A motion for judgment on the pleadings * * * cannot be used as a substitute for [an ORCP 21 A motion] if the complaint was amendable so as to state a good cause of action.' " (Quoting *Scott & Payne v. Potomac Ins. Co.*, 217 Or 323, 329-30, 341 P2d 1083 (1959); alterations in *Slogowski*.)). Thus, this factor appears to be neutral.

Considering the *Ramsey* factors, we conclude that the trial court abused its discretion in denying plaintiffs' request for leave to amend their complaint in response to defendant's first responsive pleading. There was no indication that the amendments would have prejudiced defendant or affected the trial court's docket, nor was there any reason to believe that plaintiffs would not be able to amend the complaint to state a claim. Thus, the trial court erred in denying plaintiffs' motion to amend the complaint and entering judgment for defendant.

Reversed and remanded.