Submitted October 5, 2018; reversed and remanded as to the claims asserted in the *Church* motion, otherwise affirmed October 2, 2019

### FREDERICK GEORGE FIELD,
*Petitioner-Appellant,*

*v.*

### John MYRICK,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

### Umatilla County Circuit Court
CV131579; A161168

449 P3d 895

Petitioner appeals a judgment denying his petition for post-conviction relief. Petitioner filed, through the assistance of counsel, a petition for post-conviction relief. Post-conviction relief was denied, and petitioner now appeals *pro se*. Petitioner assigns error to the post-conviction court's denial of his motion, pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), requesting that the court either substitute counsel or compel counsel to raise additional claims identified by petitioner. While this case was pending on appeal, in *Bogle v. State of Oregon*, 363 Or 455, 423 P3d 715 (2018), the Oregon Supreme Court clarified that, in response to a *Church* motion, a post-conviction court should determine whether petitioner has established that, "in choosing which grounds for relief to raise, counsel has failed to exercise reasonable professional skill and judgment." *Held*: In light of *Bogle*, the post-conviction court erred in its response to petitioner's *Church* motion.

Reversed and remanded as to the claims asserted in the *Church* motion; otherwise affirmed.

Rick J. McCormick, Senior Judge.

Frederick G. Field filed the briefs *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

JAMES, J.

Reversed and remanded as to the claims asserted in the *Church* motion; otherwise affirmed.

**JAMES, J.**

Petitioner, an anesthesiologist, pleaded guilty to 11 counts of first-degree sexual abuse and one count of first-degree rape, resulting from his abuse of 12 of his sedated female patients. He subsequently filed, through the assistance of counsel, a petition for post-conviction relief raising numerous claims of ineffective assistance of trial counsel. Post-conviction relief was denied, and he now appeals *pro se*, raising six assignments of error. We reject without discussion five of those assignments, writing only to address his second assignment of error in which he alleges that the post-conviction court erred in handling his motion, filed pursuant to *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), requesting either substitution of counsel or for the post-conviction court to compel post-conviction trial counsel to raise additional claims identified by petitioner. While this case was pending on appeal, the Oregon Supreme Court clarified how a post-conviction court should respond to a *Church* motion in *Bogle v. State of Oregon*, 363 Or 455, 423 P3d 715 (2018). In light of *Bogle*, we conclude that the post-conviction court erred in its response to petitioner's *Church* motion and, accordingly, remand for further proceedings on the four claims raised in the *Church* motion, but we otherwise affirm the judgment on the claims presented in the fourth amended petition.

The factual basis underlying petitioner's convictions are not relevant to this appeal, and we do not discuss them. The only pertinent facts for our purposes are procedural and concern the court's handling of petitioner's *Church* motion. Those facts are undisputed.

Post-conviction counsel filed four petitions, with the fourth—the operative pleading for the post-conviction trial—raising numerous claims of ineffective assistance of trial counsel. Believing his post-conviction counsel had not raised all the claims available to him, petitioner filed a *Church* motion. In support of that motion, petitioner filed an accompanying 20-page memorandum of law wherein he argued why the four claims asserted in the *Church* motion were legitimate.

On November 24, 2015, approximately two weeks before the scheduled trial, the court held a hearing on the *Church* motion wherein petitioner presented a lengthy and detailed oral argument, grounded in that memorandum of law, asserting that his claims were legitimate and that reasonable counsel should raise them. Petitioner concluded that presentation stating:

> "[PETITIONER]:    And the problem with these is these are all meritorious claims, I believe. And I believe that strongly. And [post-conviction counsel] did not put them in the petition. If I do not make the Court aware of these factors that I wish to have added I am waiving my right to them.
>
> "And, obviously, I mean, I don't need to cite *Church v. Gladden* to you, but I do not wish to waive my rights to these and I would like the Court to request [post-conviction counsel] to include these claims."

Immediately following that presentation, the court inquired of post-conviction counsel, who conceded that, in light of the memorandum of law and oral argument, counsel was persuaded that he reasonably should have included the claims:

> "THE COURT:    And, [post-conviction counsel], any response at this time?
>
> "[POST-CONVICTION COUNSEL]:    Well, Your Honor, frankly, at this point I will acquiesce to my client's desire and I would ask at this point that the petition be amended to include his claims.
>
> "And that can save the Court from having to decide the issue. The Court can permit amendment at any time. And, of course, the State will—no opposition to giving them time to respond. But I would ask the Court now to amend the petition to include these claims."

The superintendent objected to counsel's concession, arguing that the court should deny any additional claims, deny any continuance, and the case should proceed to trial as scheduled:

> "[SUPERINTENDENT]:    I certainly object. 70 or 80 claims are in a very lengthy fourth amended petition. It's far too late for amendment at this point. I've submitted

my trial memorandum. It's 60 pages long. I've submitted 19 exhibits. This is ridiculous. Things aren't done in this manner.

"If [post-conviction counsel] wanted to include them he should have done it long ago before we'd undertaken complete discovery, before we both submitted a very full record. I object strenuously, Your Honor."

Petitioner responded to these objections, arguing:

"[PETITIONER]:   * * * [I]t's not about a question of convenience for the State. I understand there is that issue, but we are willing to give the State more time to prepare.

"The important question is what is it doing to my rights? I'm the one who's on trial here and I'm the one who wishes these claims to be included because I feel that they are valid claims of constitutional violations of my rights. And, therefore, I'm requesting that the Court include these.

"It was an oversight that they were not included and I had no control over that. As my memorandum points out, I only recently learned that they were not going to be included."

The post-conviction court agreed with the superintendent, and it refused to accept petitioner's counsel's concession that the claims in the *Church* motion should be included in the petition:

"[THE COURT]:   I'm not going to accept the acquiescence. It is too late to be really doing this without a substantive analysis of the *Church* claims as to why they weren't originally filed.

"So I'm going to look at them and I'll get a decision out here in the next couple days[.]"

Three days after the hearing, the post-conviction trial court issued a written order on the *Church* motion, as well as other pretrial matters:

"Petitioner asserts four primary issues for inclusion in the petition under his *Church* notice. * * * At the conclusion of the argument petitioner's counsel stated that he would include them in the petition, though trial is imminent in the case, and the state objected to petitioner's counsel's new position to include the claims that he earlier told petitioner

he would not. The court advised counsel that the court was not accepting the new position without analysis of the propriety of the claims. *** For the reasons stated herein, the court does not find the *Church* claims as presenting valid claims under the facts and law.

"*****

"The court looks to see if Petitioner provides legal sufficiency for additional asserted claims to be legally legitimate for inclusion, and in the alternative considers whether counsel should be replaced.

"*****

"Petitioner has not shown that the additional claims are legally legitimate for inclusion, they are denied as legal claims, and though not requested would decline to remove/replace counsel, who is demonstrating the skills and experience commensurate with the nature of the case."

(Internal quotation marks, footnote, and citation omitted.)

The post-conviction trial proceeded the next month on the claims presented in the fourth amended petition. Pursuant to the court's ruling, post-conviction counsel presented no evidence, nor made any argument, going to the merits of any of the four claims in the *Church* motion. Ultimately, the post-conviction court denied relief, and this appeal followed.

We review for abuse of discretion court decisions on motions to allow counsel to withdraw or to appoint substitute counsel. *See State v. Davis*, 345 Or 551, 201 P3d 185 (2008) (reviewing for abuse of discretion court's denial of motions to allow counsel to withdraw in criminal case); *Temple v. Zenon*, 124 Or App 388, 862 P2d 585 (1993) (reviewing for abuse of discretion court's denial of request for substitute counsel in post-conviction case). Discretion "refers to the authority of a trial court to choose among several legally correct outcomes." *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). However, when a trial court's exercise of discretion flows from a mistaken legal premise, its decision may not fall within the range of legally correct choices and may not always produce a permissible, legally correct outcome. *See, e.g., Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63,

116-17, 376 P3d 960 (2016) ("[A] trial court's decision may be legally impermissible because it was guided by the wrong substantive standard."); *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (explaining that, in some circumstances, a trial court can err if it "fails to exercise discretion, refuses to exercise discretion[,] or fails to make a record which reflects an exercise of discretion"); *State v. Pemberton*, 226 Or App 285, 289, 203 P3d 326 (2009) (holding that, under *Mayfield*, the exercise of discretion based on a mistaken premise of law can be a failure to properly exercise discretion).

After the post-conviction trial court's ruling in this case, the Oregon Supreme Court decided *Bogle*, which clarified the scope of a post-conviction court's inquiry when faced with a *Church* motion. In *Bogle*, the court indicated that when faced with a *Church* motion, a post-conviction court is being asked for one of two possible remedies—"to either replace counsel or instruct counsel to raise those grounds for relief." *Bogle*, 363 Or at 470-71. The court further noted that post-conviction proceedings contain no "exception to the general rule that a represented party must appear through counsel." *Id*. It is only because these remedies each contemplate an intervention "in the attorney-client relationship in a directive way," and that intervention can only be permitted "when the petitioner has a legitimate complaint against his attorney," that any inquiry into the nature of the claims becomes an issue. *Id*. at 471. In that instance,

> "[T]the inquiry that a post-conviction court must make in response to a *Church* motion is whether the petitioner's complaint about counsel is legitimate. Contrary to petitioner's argument in this case, it is not whether the grounds for relief that the petitioner wants to raise are legitimate. * * * Thus, the question before a court ruling on a *Church* motion is whether the petitioner has established that, in choosing which grounds for relief to raise, counsel has failed to exercise reasonable professional skill and judgment."

*Bogle*, 363 Or at 473 (citation omitted).

From *Bogle*, it is apparent that the post-conviction court employed an incorrect analytical framework in this case. Once post-conviction counsel conceded that he should have, and in fact now wanted to, include the *Church* claims

in his petition, there was no *Church* remedy—instruction, or removal—being sought by petitioner. At that point, the issue before the court was not a request for a *Church* remedy, but a request under ORCP 23 for leave to amend the petition, asserted by counsel. The post-conviction court's refusal to accept counsel's "acquiescence" was an intervention into the attorney-client relationship in a manner not permitted under *Bogle*—effectively telling counsel that he was prohibited from raising certain claims on behalf of his client, and prohibiting counsel from seeking to amend the petition. Although the court examined the "propriety of the claims" after the hearing, it did so in a manner of improper hybrid representation. Petitioner was entitled to, yet denied, the benefit of counsel—to have the court consider those claims aided by counsel's arguments on the merits, or after counsel developed a record under the applicable standard of ORCP 23.

We, therefore, reverse the post-conviction court's ruling as to the four claims asserted in the *Church* motion and remand for consideration of counsel's request to amend the petition, pursuant to ORCP 23, to include those claims. As we have stated:

> "Leave to amend is to be '*freely* given when justice so requires,' and the trial court exercises '*broad*' authority in making that 'discretionary determination.' *** Our cases have, in fact, endorsed a 'broad' view of that authority. Indeed, we are unaware of any appellate decision under ORS 138.610 or ORCP 23 A reversing the allowance or denial of leave to amend. Nevertheless, 'discretion' is not absolute. There are limits."

*Ramsey v. Thompson*, 162 Or App 139, 145, 986 P2d 54 (1999), *rev den*, 329 Or 589 (2000) (emphases in original; citation omitted).

We have suggested four, *nonexclusive*, factors for consideration in an ORCP 23 motion for leave to amend:

> "(1) the nature of the proposed amendments and their relationship to the existing pleadings; (2) the prejudice, if any, to the opposing party; (3) the timing of the proposed amendments and related docketing concerns; and (4) the colorable merit of the proposed amendments."

(Internal quotation marks and citation omitted.) *Caldeen Construction v. Kemp*, 248 Or App 82, 86-87, 273 P3d 174 (2012).

In the context of post-conviction proceedings, another factor for consideration is the nature, and consequence, of the *res judicata* principles at play. As *Bogle* notes:

> "A second reason for providing for the appointment of counsel was to ensure that petitioners did not inadvertently waive any grounds for relief. According to Collins and Neil, the appointment of counsel was 'highly desirable in view of the strict *res judicata* provisions' of the PCHA.
>
> "* * * * *
>
> "* * * [A] post-conviction court should consider the importance of post-conviction counsel, given the PCHA's strict *res judicata* provisions, and the fact that a petitioner cannot bring a subsequent post-conviction case to challenge the adequacy of post-conviction counsel."

*Bogle*, 363 Or at 466-67, 474.

Reversed and remanded as to the claims asserted in the *Church* motion; otherwise affirmed.