820 March 12, 2025 No. 223

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

George MORARU
and Sandica Moraru, aka Sandra Moraru,
husband and wife,
*Plaintiffs-Appellants,*
*and*

Dan MORARU,
*Intervenor-Appellant,*

*v.*

PORTLAND GENERAL ELECTRIC
and Online Northwest,
*Defendants-Respondents,*
*and*

ASPLUNDH TREE EXPERT, LLC,
*Defendant.*

Yamhill County Circuit Court
21CV04886; A181536 (Control), A180613

Jennifer K. Chapman, Judge.

Argued and submitted February 3, 2025.

Dan Moraru argued and filed the brief for appellants, *pro se*. Also on the briefs were George Moraru, *pro se*, and Sandica Moraru, *pro se*.

Dallas DeLuca argued the cause and filed the brief for respondent Portland General Electric. Also on the brief were Markowitz Herbold PC and April M. Stone.

Melanie A. Gillette argued the cause and filed the brief for respondent Online Northwest. Also on the brief were Jasmine C. Eberhard and Smith Freed Eberhard, P.C.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

MOONEY, S. J.

Affirmed.

**MOONEY, S. J.**

This is a civil case concerning a utility pole, several utility lines, and approximately forty Douglas fir trees on plaintiffs' property. Plaintiffs George Moraru and Sandica Moraru, and intervenor-plaintiff Dan Moraru (collectively, plaintiffs) sought (1) damages against Portland General Electric (PGE) and Asplundh Tree Expert, LLC, for excessively pruning their Douglas fir trees, (2) damages against PGE and Online Northwest for unjust enrichment related to a fiber optic cable, and (3) a declaration that neither PGE nor Online Northwest have easement or other rights to use or cross plaintiffs' property for their utility pole, lines, and equipment. These consolidated appeals concern the claims related to the utility pole and lines. The claims related to the Douglas fir trees are the subject of a separate appeal and this opinion does not concern those issues.

Plaintiffs appeal four limited judgments that dismissed their claims for declaratory and injunctive relief against PGE, dismissed all their claims against Online Northwest, and granted relief to PGE on its first counterclaim by declaring that PGE had acquired a prescriptive easement for the utility pole and utility lines that are located on or over plaintiffs' property. Plaintiffs raise five assignments of error. We reject the third, fourth, and fifth assignments without discussion. We reject the second assignment because the record supports the trial court's finding by clear and convincing evidence that PGE had acquired a prescriptive easement on and over plaintiffs' property for its utility pole and lines.

We turn to the first assignment, where plaintiffs argue that the trial court erred when it allowed their attorney and his "entire law firm"[1] to "withdraw from representation for health reasons" while PGE's motion for summary judgment was pending. We review the trial court's ruling on a motion to allow counsel to withdraw for abuse of discretion. *Field v. Myrick*, 299 Or App 634, 638, 449 P3d 895 (2019), *rev den*, 366 Or 259 (2020) (applying that standard in

---

[1] The record does not support plaintiffs' argument that their counsel's "entire law firm" had agreed to represent them in this matter, and we reject their contention to the contrary.

a post-conviction relief case). The abuse of discretion standard tests whether the trial court made a decision within the permissible "range of legally correct choices." *Porter v. Veenhuisen*, 302 Or App 480, 483, 461 P3d 276 (2020) (internal quotation marks omitted). ORS 9.380(1) provides, as relevant here, that

> "The attorney in an action or proceeding may be changed, or the relationship of attorney and client terminated, as follows:
>
> "* * * * *
>
> "(b)   At any time, upon the order of the court, based on the application of the client or the attorney, for good and sufficient cause."

Plaintiffs' counsel, William Sherlock, filed a motion for an order allowing withdrawal of counsel supported by Sherlock's declaration:

> "I must withdraw for professional considerations under ORPC 1.16(A)(2) due to physical health issues. For that reason, I respectfully request that I be allowed to withdraw as attorney of record for Plaintiffs in this matter."

Rule 1.16(a)(2) of the Oregon Rules of Professional Conduct, relied upon by Sherlock, requires a licensed attorney to withdraw from representing a client when the attorney's "physical or mental condition materially impairs" his ability to represent the client.

Plaintiffs responded to the motion by filing their own *pro se* motion advising the court that they did not "recognize Mr. Sherlock's rights" to withdraw as their attorney "based on his physical health issues," but they did not ask the court to deny the motion. They instead requested that the court "set the decision for [Sherlock's motion to withdraw] on hold until the completion of transfer to our lawful representative Dan Moraru of [the] entire case file[.]" The trial court permitted Sherlock to withdraw and also granted the companion motions Sherlock had filed (1) to postpone trial and (2) to extend plaintiffs' time to respond to PGE's partial summary judgment motion by 30 days. Sherlock's declaration supplied "good and sufficient cause" for his withdrawal.

The trial court did not abuse its discretion when it granted Sherlock's motion to withdraw.

Affirmed.