100 March 19, 2025 No. 234

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Julia LAXER,
*Plaintiff-Appellant,*

*v.*

CITY OF PORTLAND,
a public body,
*Defendant-Respondent.*

Multnomah County Circuit Court
23CV07733; A181950

Angela F. Lucero, Judge.

Argued and submitted February 7, 2025.

Rachel M. Jennings argued the cause for appellant. Also on the briefs were J. Randolph Pickett and Pickett Dummigan Weingart, LLP.

Alexandria Deitz argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this personal injury case, plaintiff appeals a general judgment of dismissal following the trial court's grant of defendant's ORCP 21 motion to dismiss with prejudice. The issue is whether the trial court erred in determining that the affirmative defense of recreational use immunity applied—and any amendment of plaintiff's complaint would be futile—when plaintiff alleged that she entered a city park to recreate and injured herself while walking. We affirm.

We review the grant of an ORCP 21 motion to dismiss for legal error, *Hernandez v. Catholic Health Initiatives*, 311 Or App 70, 72, 490 P3d 166 (2021), assuming "that all well-pleaded facts are true and giv[ing] plaintiff the benefit of all favorable inferences that reasonably may be drawn from those factual allegations," *Piazza v. Kellim*, 360 Or 58, 61, 377 P3d 492 (2016).[1]

Plaintiff entered Mt. Tabor Park, a city park owned by defendant, to recreate and "walk its trails." While walking on a paved road toward the exit of the park, plaintiff stepped into a hole in the pavement and was severely injured. Plaintiff sued defendant for negligence, and defendant moved to dismiss on the ground that, based on plaintiff's complaint, the affirmative defense of recreational use immunity applied and barred plaintiff's claim. *See* ORS 105.682 (limiting liability of owner of land for certain injuries that arise out of recreational use).[2] The trial court agreed with defendant and dismissed plaintiff's complaint with prejudice and denied her motion to replead, reasoning

---

[1] The parties do not address, and we do not decide, whether ORCP 21 A is the correct procedural vehicle for the affirmative defense of recreational use immunity. *Compare* ORCP 21 A(1) (listing enumerated defenses available in motion to dismiss) *with* ORCP 19 B (listing defenses that a party "shall" plead, including "any other matter constituting an *** affirmative defense).

[2] The recreational use immunity statute, ORS 105.682, in relevant part, provides that:

"an owner of land is not liable in contract or tort for any personal injury, death or property damage that arises out of the use of the land for recreational purposes *** when the owner of land either directly or indirectly permits any person to use the land for recreational purposes ***. The limitation on liability provided by this section applies if the principal purpose for entry upon the land is for recreational purposes *** and is not affected if the injury, death or damage occurs while the person entering land is engaging in activities other than the use of the land for recreational purposes[.]"

that any amendment would be futile. On appeal, plaintiff asserts that the trial court erred in ruling that recreational use immunity applied and in denying plaintiff the opportunity to replead her complaint.

*First Assignment of Error.* Plaintiff first assigns error to the trial court's grant of defendant's motion to dismiss on the ground that recreational use immunity applied. On appeal, plaintiff asserts three arguments: (1) defendant's affirmative actions in paving the roads and walkways in Mt. Tabor and representing to the public that those roads and walkways were "accessible" constitute intentional conduct which renders recreational use immunity unavailable to defendant, ORS 105.682(2) ("This section does not limit the liability of an owner of land for intentional injury or damage."); (2) the elements of recreational use immunity were not met, because plaintiff was not engaged in a recreational purpose at the time of her injury; and (3) the roads and paths of Mt. Tabor are like a public sidewalk—which fall outside the scope of recreational immunity, because they are used by the public for various purposes. *See Landis v. Limbaugh*, 282 Or App 284, 294, 385 P3d 1139 (2016), *rev dismissed*, 361 Or 351 (2017) (recreational use immunity unavailable to defendant for injury that occurred on regular pedestrian sidewalk).

We do not address plaintiff's first argument, as it is unpreserved. *See Summit RWP, Inc. v. Hallin*, 334 Or App 529, 535, 557 P3d 1113 (2024) (generally we will not consider argument based on new theory for the first time on appeal); *John Hyland Const., Inc. v. Williamsen & Bleid, Inc.*, 287 Or App 466, 471, 402 P3d 719 (2017) ("[T]he purpose of an appeal is not to give the appellant an opportunity to pursue a new theory that it did not rely on below."). And, assuming that plaintiff's second argument is preserved, it is foreclosed by the text of the recreational use immunity statute and controlling case law. *Coleman v. Oregon Parks and Recreation Dept.*, 347 Or 94, 102, 217 P3d 651 (2009) (noting that recreational use immunity extends "as long as the injured person's principal purpose for entry is recreational, even if the person was engaged in other nonrecreational activity at the time of injury" (citing ORS 105.682(1))).

Plaintiff's last argument, as we understand it, is that (1) the paved walkways in Mt. Tabor are like the paved sidewalks to which recreational immunity did not apply in *Landis* and (2) the application of recreational immunity to some injuries and not others would produce irrational results that we sought to avoid in *Landis*. 282 Or App at 295.

Plaintiff extends *Landis* too far: although we held there that certain kinds of generally available public land, like sidewalks, would be outside the scope of recreational use immunity, we expressly noted that some generally available land *connected with recreation* would still be subject to immunity:

> "Nowhere in legislative history do we find any suggestion that recreational immunity would apply to streets or sidewalks that are already generally available to the public, *that are not attendant to parks or places of recreation*, and that the landowner has done nothing to 'make available' for the statutorily specified recreational or similar uses."

*Id.* at 294 (emphasis added); *see also Waggoner v. City of Woodburn*, 196 Or App 715, 717, 103 P3d 648 (2004) (recreational use immunity applies to public city parks).

Lastly, we address a new, unbriefed argument, brought up by plaintiff at oral argument for the first time, that the location where plaintiff was injured—a paved access road within Mt. Tabor Park—makes recreational use immunity inapplicable to defendant. *See* ORS 105.688(1)(c) (2021), *amended by* Or Laws 2024, ch 64 § 7 (recreational use immunity applies to "[a]ll paths, trails, roads, * * * and other rights of way" used to access land to recreate "that have not been improved, designed or maintained for the specific purpose of providing access for recreational purposes"). That new argument relies on *Fields v. City of Newport*, 326 Or App 764, 533 P3d 384, *rev den*, 371 Or 476 (2023), in which we concluded that recreational use immunity would not apply to a paved beach access trail used solely for access to the beach. *Id.* at 775. Although we are under no obligation to address that argument, we observe that it is foreclosed by our recent decision in *Murphy v. City of Cannon Beach*, 338 Or App 104, 106-08, 108 n 2, ___ P3d ___ (2025) (holding that ORS 105.688(1)(c) (2021) "is relevant only where a plaintiff is injured on land *adjacent to the land* that the person

intends to use for recreational purposes" (emphasis added)), and we decline to address it further, *see* ORAP 6.15(6) ("It is the general policy of Oregon appellate courts to prohibit reference at oral argument to any authority not cited either in a brief or in a pre-argument memorandum of additional authorities.").

*Second Assignment of Error.* Plaintiff next contends that the trial court erred by denying leave to amend her complaint. Plaintiff requested leave to amend "in order to more fully allege her purpose for being on the walkway in Mt. Tabor, and to more fully articulate her position that the City's affirmative acts and conduct were such that [plaintiff] relied on the City's representations to her detriment."

We review a court's denial of leave to amend after an ORCP 21 A dismissal for an abuse of discretion. *Caldeen Construction v. Kemp*, 248 Or App 82, 86, 273 P3d 174 (2012). A trial court's discretion to grant or deny motions to amend a complaint after a motion to dismiss is not limitless; it is bounded by the requirement that motions to amend should be liberally granted if amendment would preclude the entry of a judgment. *Id*. (citing ORCP 25).

We conclude that the trial court did not abuse its discretion, because, as the court correctly held, plaintiff's amendments would be futile: Plaintiff had already admitted that her principal purpose for being on the trail was to recreate—and correctly acknowledged that her exact purpose at the time of injury was irrelevant. As to plaintiff's second asserted basis for amending her complaint, detrimental reliance is not an element that could defeat an affirmative recreational use immunity defense. *See* ORS 105.682 - 105.688 (explaining scope and applicability of defense); *see also Caldeen Construction*, 248 Or App at 87 (looking to the "colorable merit of the proposed amendments" in determining whether a trial court abused its discretion to deny a motion to amend after an ORCP 21 A dismissal).

Finally, plaintiff raises a constitutional challenge to the recreational use immunity statute under the remedy clause of the Oregon Constitution, Article I, section 10. But we have already held that the statute does not violate the

remedy clause, *Brewer v. Dept. of Fish and Wildlife*, 167 Or App 173, 191, 2 P3d 418 (2000), *rev den*, 334 Or 693 (2002), and we see no reason to disturb that holding. *See Horton v. OHSU*, 359 Or 168, 188 n 9, 376 P3d 998 (2016) (reaffirming *Brewer* and certain other remedy clause cases).

Affirmed.